NO. 4-05-0532

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| MIKALA PRICE and MIKAL PRICE, | ) | Appeal from |
| Minors, by DAVID MASSEY, Guardian | ) | Circuit Court of |
| of the Estates of the Minors, | ) | Macon County |
|       Plaintiffs-Appellants, | ) | No. 04L29 |
|       v. | ) | |
| HICKORY POINT BANK & TRUST, Trust | ) | |
| No. 0192; MACON COUNTY TITLE, LLC; | ) | |
| ANDREW CHILIGIRIS; and REAL ESTATE | ) | Honorable |
| MANAGERS, LLC, | ) | Thomas E. Little, |
|       Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In November 2004, plaintiff David Massey, as guardian of the estate of plaintiffs, Mikala and Mikal Price (twins, born in April 2000), filed a second-amended negligence complaint against defendants, Hickory Point Bank & Trust, Trust No. 0192; Macon County Title, LLC; Andrew Chiligiris; and Real Estate Managers, LLC. Specifically, plaintiffs alleged that while Mikala and Mikal were tenants in one of defendants' properties, they were poisoned by exposure to lead-based paint. (Hickory Point Bank & Trust, Trust No. 0192, was dismissed as a party early in the proceedings.) Plaintiffs based their claim, in part, on defendants' alleged violation of the Decatur Municipal Code and certain regulations of the federal Environmental Protection Agency that implement provisions of the federal Residential Lead-Based Paint Hazard Reduction Act of 1992 (42 U.S.C. §4851 (2000)).

In December 2004 and February 2005, plaintiffs filed

motions for partial summary judgment, through which they sought findings on purportedly uncontested matters. In April 2005, defendants filed a motion for summary judgment. In June 2005, the trial court granted summary judgment in defendants' favor, upon finding that (1) defendants had no knowledge that the premises contained lead-based paint prior to learning of the children's injuries, and (2) defendants did not knowingly violate the regulations of the federal EPA.

Plaintiffs appeal, arguing that (1) the trial court erred by granting defendants' motion for summary judgment because (a) a violation of law constitutes prima facie evidence of negligence; and (b) the court improperly relied on an unpublished Illinois Appellate Court decision; and (2) the court erred by denying plaintiffs' partial-summary-judgment motions. We reverse the court's grant of defendants' summary-judgment motion and remand for further proceedings.

I. BACKGROUND

According to plaintiffs' second-amended complaint, in July 2000, Mikal and Mikala's parents, Jenny and Michael Price, entered into a lease with Chiligiris for a house at 2075 E. William Street in Decatur and moved in. In November 2001, the children's physician detected elevated levels of lead in their blood. The physician notified the Macon County health department and on December 6, 2001, the department conducted an investigation at the William Street residence. In January 2002, the department issued a notice of its findings to the trust officer

at Hickory Point Bank and Trust and sent a copy to Chiligiris. Findings included that lead hazards were present on certain windows, baseboards, and doorjambs. The department gave defendants until February 9, 2002, to mitigate the lead hazards at the residence.

Plaintiffs' second-amended complaint also alleged that (1) defendants knew or should have known, based on Chiligiris's years of experience with sale, management, renovation, repair, and rental of residential real estate, of the hazard to children posed by lead-based paint; (2) defendants knew that children would be residing at the William Street residence when the Price family entered the lease; and (3) prior to purchasing the residence, Chiligiris was notified of the dangers of lead-based paint and of the recommendation to conduct a risk assessment or inspection for lead-based paint prior to purchase or rental of the property.

The second-amended complaint further alleged that defendants were negligent for (1) leasing the William Street residence to the Price family with lead-based paint present in the interior and exterior in violation of Decatur's Municipal Code, which adopted the Building Officials and Code Administrators' (BOCA) National Property Maintenance Code, 1993 edition (specifically, sections 106.1, 303.4, and 305.4 of the BOCA Code); (2) failing to notify the Price family of the presence of lead-based paint at the residence; (3) failing to inspect the residence for the presence of lead-based paint before renting it

to the Price family; and (4) failing to disclose to the Price family information about protection against lead-based paint, in violation of federal law--namely, the Residential Lead-Based Paint Hazard Reduction Act of 1992 (42 U.S.C. §4852(d) (2000)) and the federal Environmental Protection Act (EPA) regulations implementing the Residential Lead-Based Paint Hazard Reduction Act (40 C.F.R. §745.100-119 (2000)).

In December 2004, plaintiffs filed their first motion for partial summary judgment.  Plaintiffs sought a finding by the trial court that defendants failed to warn the Price family about the risks and dangers of lead-based paint in the William Street residence.  In February 2005, plaintiffs filed another motion for partial summary judgment.  In that motion, plaintiffs' sought a finding that defendants had a duty to warn the Price family about lead-based paint hazards when they entered the lease. Following an April 2005 hearing, the trial court entered a docket entry order in which it made the following findings:

> "1.  There is no evidence presently before the court that the [d]efendants had actual or constructive knowledge, prior to the inception of the lease, that the leased premises contained lead-based paint.
>
> 2.  The affidavits of Jenny and Michael Price suggest that they never received a [l]ead-[p]aint [d]isclosure [f]orm from defendants prior to the inception of the lease.

3. The federal statute and the federal regulations suggest that a [l]essor shall disclose to the [l]essee the presence of any KNOWN lead-based paint and/or lead-based paint hazards.

4. There remain genuine issues of material fact."

The court denied both of plaintiffs' motions for partial summary judgment.

Later in April 2005, defendants filed a motion for summary judgment, asserting that they were entitled to judgment as a matter of law, in pertinent part, because (1) plaintiffs neither alleged facts nor developed any evidence that defendants had actual or constructive notice of lead-based paint at the William Street residence, and without such notice, defendants could not be held liable; and (2) plaintiffs neither alleged facts nor submitted any evidence to show that defendants knowingly violated the Residential Lead-Based Paint Hazard Reduction Act, and absent evidence of a knowing violation, defendants had no liability; and (3) defendants had no knowledge of the presence of lead-based paint prior to receiving the mitigation notice letter from the health department.

In May 2005, plaintiffs filed their third-amended complaint, which was amended only to correct citations to the Decatur Municipal Code.

In June 2005, following a hearing on defendants'

summary-judgment motion, the trial court entered a written order granting defendants' motion for summary judgment. Specifically, the court (1) found that under Garcia v. Jiminez, 184 Ill. App. 3d 107, 539 N.E.2d 1356 (1989), a landlord cannot be held liable for lead-based paint contamination unless he had actual or constructive knowledge that the premises contained lead-based paint; and (2) stated, in pertinent part, that "[t]he facts presently before the court demonstrate that [d]efendants had no knowledge that the premises contained lead-based paint until receiving notice from the Macon County Health Department for the inspection occurring on December 6, 2002." The court further found that violation of a statute does not constitute per se negligence and the municipal ordinance required that a violation notice be given to a landlord and a reasonable time be allowed for mitigation. Finally, the court determined that under federal law, defendants must "knowingly" violate the Residential Lead-Based Paint Hazard Reduction Act before liability may attach.

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

In Kleiss v. Bozdech, 349 Ill. App. 3d 336, 349, 811 N.E.2d 330, 340 (2004), this court discussed the standard of review for summary-judgment rulings and wrote as follows:

> "'The purpose of a summary[-]judgment proceeding is not to try an issue of fact, but to determine whether any genuine issue of

material fact exists.' Happel v. Wal-Mart Stores, Inc., 199 Ill. 2d 179, 186, 766 N.E.2d 1118, 1123 (2002). Summary judgment is a "'drastic means of disposing of litigation'" (Happel, 199 Ill. 2d at 186, 766 N.E.2d at 1123, quoting Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill. 2d 107, 113, 649 N.E.2d 1323, 1326 (1995)) and thus is only appropriate when the pleadings, depositions, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law (Happel, 199 Ill. 2d at 186, 766 N.E.2d at 1123; 735 ILCS 5/2-1005(c) (West 1998)). We review de novo a trial court's grant of summary judgment, and in so doing, we construe facts strictly against the moving party and in a light most favorable to the nonmovant. Happel, 199 Ill. 2d at 185-86, 766 N.E.2d at 1123."

B. Common-Law Negligence Based on a Violation of a Statute

1. Whether Plaintiffs Were Required To Show Defendants' Knowledge

Plaintiffs first argue that the trial court erred by granting defendants' summary-judgment motion because plaintiffs'

showing that defendants violated provisions of the Decatur Municipal Code and the EPA constituted <u>prima</u> <u>facie</u> evidence of negligence, such that their case should have gone to the jury. Defendants respond that summary judgment was properly granted because plaintiffs produced no evidence that defendants (1) knew of the lead-based paint at the William Street residence or (2) knowingly violated the EPA.

Initially, we note that plaintiffs state a common-law negligence claim based on a violation of a statute or ordinance. The essential elements of common-law negligence are (1) the existence of a duty owed by the defendant to the plaintiff, (2) breach of that duty, and (3) an injury caused by that breach. <u>Clifford v. Wharton Business Group, L.L.C.</u>, 353 Ill. App. 3d 34, 40, 817 N.E.2d 1207, 1212 (2004). However, when a plaintiff's negligence claim--as in this case--is based on a violation of a statute or ordinance, different elements must be shown. A violation of a statute or ordinance designed to protect human life is <u>prima</u> <u>facie</u> evidence of negligence. <u>Kalata v. Anheuser-Busch Cos.</u>, 144 Ill. 2d 425, 434, 581 N.E.2d 656, 661 (1991); <u>Magna Trust Co. v. Illinois Central R.R. Co.</u>, 313 Ill. App. 3d 375, 383, 728 N.E.2d 797, 804 (2000). To prevail on a claim of negligence based on a violation of a statute or an ordinance designed to protect human life, the plaintiff must show that (1) the plaintiff is a member of the class of persons the statute or ordinance was designed to protect, (2) the injury is the type of injury that the ordinance was intended to protect against, and

(3) the defendant's violation of the statute or ordinance was the proximate cause of the plaintiff's injury.  Kalata, 144 Ill. 2d at 434-35, 581 N.E.2d at 661.  Because evidence of the violation of a statute is prima facie evidence of negligence, and not negligence per se, a defendant can prevail despite an ordinance violation by showing that he acted reasonably under the circumstances.  Kalata, 144 Ill. 2d at 435, 581 N.E.2d at 661; McCarthy v. Kunicki, 355 Ill. App. 3d 957, 973, 823 N.E.2d 1088, 1102 (2005).  A "plaintiff is not required to show defendants' awareness of the [statutory] violation since the violation itself is prima facie evidence of negligence."  McCarthy, 355 Ill. App. 3d at 974, 823 N.E.2d at 1102.

Statutes and ordinances designed to protect human life establish the standard of conduct required of a reasonable person and thus "fix the measure of legal duty."  Noyola v. Board of Education of the City of Chicago, 179 Ill. 2d 121, 130, 688 N.E.2d 81, 84-85 (1997).  Accordingly, once a violation of statute is shown, there is no question of duty and the focus turns, as stated above, to whether (1) the plaintiff is a member of the class of persons protected by the statute, (2) the plaintiff's injury is the type the statute intended to protect against, and (3) the defendant's violation of the statute proximately caused the injury.  Kalata, 144 Ill. 2d at 434-35, 581 N.E.2d at 661.  Thus, in this case--decided at the summary-judgment phase--all of the discussion in the trial court on defendants' knowledge of the alleged statutory violations was

irrelevant. See McCarthy, 355 Ill. App. 3d at 974, 823 N.E.2d at 1102 ("plaintiff is not required to show defendants' awareness of the violation since the violation itself is prima facie evidence of negligence. [The defendants'] knowledge of the violation, therefore, is irrelevant as to whether defendants were negligent"). Accordingly, we conclude that the trial court erred by granting defendants' summary-judgment motion based on plaintiffs' failure to produce evidence of defendants' knowledge regarding their violations of the Decatur Municipal Code and the EPA. In fact, plaintiffs produced the only evidence of duty that the law requires--namely, defendants' violation of the municipal ordinance and federal EPA.

In so concluding, we decline to follow the Second District Appellate Court's decision in Garcia, 184 Ill. App. 3d 107, 539 N.E.2d 1356, relied on by defendants. In that case, the plaintiffs' lead-based paint exposure complaint alleged, in pertinent part, (1) negligence and (2) negligence arising from violation of a city ordinance. A jury found in favor of the defendant on both negligence counts. Garcia, 184 Ill. App. 3d at 109, 539 N.E.2d at 1357. On appeal, the plaintiffs argued that the defendant should not have been permitted to present evidence or argument that he did not know or have reason to know that the subject property contained lead-based paint. Garcia, 184 Ill. App. 3d at 109, 539 N.E.2d at 1357. Without discussing the law of negligence based on a violation of statute, the Second District Appellate Court held that the plaintiffs could not recover

without showing that the landlord had actual or constructive knowledge that the peeling paint inside the tenants' residence contained lead-based paint. In so holding, the Garcia court stated that to forego a knowledge requirement would impose a form of "strict liability on landowners whose property contains lead-based paint." Garcia, 184 Ill. App. 3d at 111-12, 539 N.E.2d at 1359. We disagree. As previously discussed, recognizing that the violation of a statute constitutes prima facie evidence of negligence does not amount to imposing strict liability. Rather, it relieves the plaintiff of having to show a duty and, instead, requires him to show that (1) the statute was intended to protect the plaintiff from the type of injury he suffered and (2) the violation caused that injury.

We further note that Garcia is distinguishable in that it addressed an evidentiary ruling of the trial court, rather than a ruling on summary judgment. Regardless of everything else the Second District said in Garcia, the essence of its holding is that the jury should have been allowed to hear evidence related to the defendant's knowledge of a dangerous condition. Our holding here, that knowledge is not essential for a prima facie case of negligence based on a violation of statute to survive summary judgment, does not directly conflict with the Garcia court's holding. Indeed, in this case, defendants' knowledge--either of the presence of lead-based paint or their obligations under the municipal code and EPA--may be relevant to the fact finder's determination of whether defendants acted

reasonably under the circumstances.  See <u>Kalata</u>, 144 Ill. 2d at 435, 581 N.E.2d at 661 (a defendant may prevail despite a violation of statute by showing that he acted reasonably).

Defendants also rely on <u>Abassi v. Paraskevoulakos</u>, 187 Ill. 2d 386, 718 N.E.2d 181 (1999), asserting that it "reaffirmed" <u>Garcia</u>.  We disagree with defendants' interpretation of <u>Abassi</u>.

In that case, our supreme court held that the plaintiffs did not have a private cause of action under the Lead Poisoning Prevention Act (410 ILCS 45/1 through 17 (West 1996)) or Chicago's city code.  Instead, the court held that plaintiff had an adequate remedy through a common-law negligence claim. <u>Abassi</u>,  187 Ill. 2d at 396, 718 N.E.2d at 186.  In so holding, the court noted that in a common-law negligence action, violation of statute is <u>prima</u> <u>facie</u> evidence of negligence and not negligence <u>per</u> <u>se</u>.  <u>Abassi</u>, 187 Ill. 2d at 395, 718 N.E.2d at 186. However, the court did not analyze the plaintiff's negligence claim based on a violation of a statute or discuss the elements of that claim in any detail because that claim remained pending in the trial court.  Moreover, although the <u>Abassi</u> court cited <u>Garcia</u> in its recitation of the plaintiff's negligence complaint (<u>Abassi</u>, 187 Ill. 2d at 389, 718 N.E.2d at 183), the court did not rely on <u>Garcia</u> in its analysis or in any way "reaffirm" that decision.

   2. <u>Whether</u> <u>Plaintiffs</u> <u>Showed</u> <u>That</u> <u>Defendants</u> <u>Violated</u>
       <u>the</u> <u>Decatur</u> <u>Municipal</u> <u>Code</u> <u>and</u> <u>the</u> <u>Federal</u> <u>EPA</u>

In reversing the trial court's order granting summary

judgment for defendants, we reject defendants' argument that plaintiffs failed to show that a violation of the Decatur Municipal Code and the federal EPA occurred because defendants were not aware of (1) the presence of lead-based paint at the William Street residence prior to Mikal and Mikala's injuries, or (2) their obligations under the EPA.

a. The Decatur Municipal Code

Chapter 70 of the Decatur Municipal Code (entitled "Property Maintenance Code") adopts and incorporates therein the BOCA National Property Maintenance Code, 1993 edition. In their second-amended complaint, plaintiffs alleged that defendants violated section 305.4 of the BOCA Code. That section provides as follows:

> "Interior and exterior painted surfaces of dwellings and child and day care facilities, including fences and outbuildings, which contain in excess of 0.06 percent lead by weight shall be removed or covered in an approved manner. Any surface covered shall first be marked with warnings as to the lead content of the surface." BOCA National Property Maintenance Code §305.4 (1993).

Plaintiffs also cited section 106.1 of the BOCA Code, which provides, in pertinent part, as follows:

> "Unlawful acts: It shall be unlawful for any person, firm[,] or corporation to *** let to

another or occupy or permit another person to occupy any structure or equipment regulated by this code, or cause same to be done, contrary to or in conflict with or in violation of any of the provisions of this code ***." BOCA National Property Maintenance Code §106.1 (1993).

The trial court determined that defendants' violation of the Property Maintenance Code did not constitute negligence because that ordinance required written notice to the landlord containing (1) a description of the real estate, (2) the reason for the notice, and (3) a correction order allowing a reasonable time for corrections to be made. Although the court provided no citation to the BOCA Code for these requirements, they were cited in defendants' summary-judgment motion as part of section 106.2 of the BOCA Code. However, chapter 70 of Decatur's Municipal Code, which incorporates the BOCA Code into the Decatur Property Maintenance Code, expressly deleted a number of sections of the BOCA Code, including section 106.2. Decatur Municipal Code ch. 70, par. 6 (2000). Thus, the court's reliance on this section of the BOCA Code was erroneous, as it is not a part of Decatur's Property Maintenance Code.

Pursuant to the language of sections 305.4 and 106.1 of the BOCA Code and in light of the fact that it is uncontroverted that the health department found lead hazards at the William Street residence, we conclude that plaintiffs showed that defen-

˘ 14 ˘

dants were in violation of the Decatur Municipal Code when Mikal and Mikala's injuries occurred.

### b. The Federal Law

Plaintiffs alleged that defendants violated provisions of the Residential Lead-Based Paint Hazard Reduction Act (42 U.S.C. §§4851 through 4856 (2000)) and the EPA. Specifically, plaintiffs alleged violations of (1) section 745.113 of the EPA (40 C.F.R. §745.113 (2000)), which provides that a lessor must provide a lessee with a lead warning statement providing that housing built before 1978 may contain lead-based paint; and (2) section 745.107 of the EPA (40 C.F.R. §745.107 (2000)), which provides that lessors must provide lessees with a lead hazard information pamphlet approved by the Environmental Protection Agency. Defendants acknowledged below that they did not comply with these EPA provisions.

Nevertheless, defendants contend (and the trial court determined) that a violation of the EPA did not occur because defendants did not "knowingly" violate its provisions. For support, defendants cite the penalties section of the EPA (see 42 U.S.C. §4852d(b)(3) (2000) ("Any person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual"). However, section 745.118 of the EPA (40 C.F.R. §745.118 (2000)) provides as follows:

"Failure or refusal to comply with §745.107

˅ 15 ˅

(disclosure requirements for sellers and lessors), §745.110 (opportunity to conduct an evaluation), §745.113 (certification and acknowledgment of disclosure), or §745.115 (agent responsibilities) is a violation of 42 U.S.C. [§]4852d(b)(5) and of TSCA [(Toxic Substance Control Act)] section 409 (15 U.S.C. [§]2689)."

We thus conclude that plaintiffs have shown that defendants violated the EPA by failing to comply with sections 745.113 and 745.107.

In light of our conclusions that (1) plaintiffs were not required to show defendants' knowledge of either the presence of lead-based paint or the requirements of the EPA in order to sustain their negligence claim based on a violation of a statute, and (2) plaintiffs made sufficient showings that defendants violated the Decatur Municipal Code and the EPA, we further conclude that the plaintiffs established a _prima_ _facie_ case of negligence. We thus reverse the trial court's grant of summary judgment in favor of defendants.

B. The Trial Court's Decision Allowing Defendants' Counsel
      To Cite an Unpublished Illinois Appellate Court Order

Plaintiffs next argue that the trial court erred by permitting defendants' counsel to cite an unpublished order of the Illinois Appellate Court. We agree.

At the May 2005 hearing on defendants' summary judgment

motion, defendants' counsel tendered to the trial court an unpublished order of this court.  In so doing, counsel stated as follows:

> "[T]here's no question that that order has--
> is not binding on this [c]ourt.  The [c]ourt
> cannot rely upon it in terms of making any
> ruling or decision, but I am tendering the
> Rule 23 order simply for the [c]ourt to see
> that at least as of 2002 that the Garcia
> [decision] was still the standard by which
> the courts were judging liability on lead-
> based contamination cases.  It isn't any more
> than I would suggest than what a treatise
> would be or an article from a publication
> because--but I think it is pertinent insofar
> as that is concerned."

When plaintiffs' counsel later presented his argument, he asked that the trial court decline to consider the Rule 23 order cited by defendants' counsel because "it cannot be cited as precedent."  The trial court responded as follows:

> "Why should I not consider that when you've
> asked me to consider the treatise that you
> cited without naming the treatise you put up
> here on the overhead, that here's a learned
> treatise that I should consider in ruling on
> this motion?  Why--I would think that your

Rule 23 would be equally persuasive at least

in terms of the treatise. Am I mistaken?"

In our view, Supreme Court Rule 23 prohibits the actions of defendants' counsel at the summary-judgment hearing. Subsection (e) of Rule 23 provides as follows: "An unpublished order of the court is not precedential and may not be cited by any party except to support contentions of double jeopardy, res judicata, collateral estoppel or law of the case." 166 Ill. 2d R. 23(e). Nothing is ambiguous about the foregoing language, and the transcript of proceeding shows that defendants' counsel tendered the unpublished order for an improper purpose.

In so concluding, we reject defendants' contention that Osman v. Ford Motor Co., 359 Ill. App. 3d 367, 833 N.E.2d 1011 (2005), renders his conduct permissible. In that case, this court (1) relied on an unpublished opinion of the federal Fourth Circuit Court of Appeals, and (2) in dicta, stated that under Supreme Court Rule 23, parties are not barred from "using the reasoning and logic" contained in a Rule 23 order. Osman, 359 Ill. App. 3d at 374, 833 N.E.2d at 1016-17. However, as we noted in Osman, the Fourth Circuit rules allow for citation of its unpublished orders under certain conditions. Osman, 359 Ill. App. 3d at 374, 833 N.E.2d at 1016. Moreover, defendants' counsel in this case did not argue the reasoning and logic of the Rule 23 order he tendered to the court; instead, he brought that case to the court's attention to imply that it had precedential value--a clear violation of Rule 23(e).

Accordingly, we conclude that counsel erred by citing an unpublished Rule 23 order and the trial court erred by permitting him to do so over plaintiffs' objection. We are confident that this error will not be repeated either by counsel or the court, and under the circumstances of this case, we do not find it necessary to address the issue further.

### C. The Trial Court's Denial of Plaintiffs' Motions For Partial Summary Judgment

Last, plaintiffs argue that the trial court erred by denying their motions for partial summary judgment. We decline to address this argument.

Ordinarily, a trial court's denial of a summary judgment motion is not appealable. Arangold Corp. v. Zehnder, 187 Ill. 2d 341, 357, 718 N.E.2d 191, 200 (1999). We recognize that in certain circumstances, we may review the denial of a summary-judgment motion; for instance, when the trial court has ruled on opposing motions for summary judgment on the same claim. Arangold, 187 Ill. 2d at 358, 718 N.E.2d at 201.

In our view, reviewing the trial court's rulings on plaintiffs' partial-summary-judgment motions would serve little purpose in light of (1) our reversal of the court's grant of summary judgment in favor of defendants and (2) the extensive direction our foregoing analysis provides to the parties and the court. Accordingly, we decline to address plaintiffs' argument that the trial court erred by denying their partial-summary-judgment motions.

### III. CONCLUSION

˅ 19 ˅

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

TURNER, P.J., and KNECHT, J., concur.