Filed 11/26/08          NO. 4-07-1044

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| DEBORAH K. WINTERS, Administratrix of | ) | Appeal from |
| the Estate of KENNETH L. KELLER, | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jersey County |
| v. | ) | No. 05L17 |
| ROGER WANGLER, | ) | |
| Defendant-Appellee, | ) | Honorable |
| and | ) | Lois A. Bell, |
| ROGER D. SNIDER and JEANE WANGLER, | ) | Judge Presiding. |
| Defendants. | ) | |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In July 2006, plaintiff, Deborah K. Winters,

administratrix of the estate of Kenneth L. Keller, filed a

complaint alleging that defendants Roger D. Snider, Roger Wangle-

r, and Jeane Wangler negligently caused an accident that resulted

in Keller's death.  In August 2006, Roger Wangler (hereinafter

Wangler) filed a motion to dismiss under section 2-619(a)(4) of

the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619(a)(4)

(West 2004)), arguing that because the trial court had previously

granted Snider's motion to strike a portion of Winters' initial

complaint, Winters was "precluded from re-litigating" the same

issues against him.  In August 2007, the trial court granted

Wangler's motion, reaffirming its earlier ruling against Snider

that section 15-102 of the Illinois Vehicle Code (Vehicle Code)

(625 ILCS 5/15-102 (West 2004)) did not apply to this case and

finding that Winters failed to state a cause of action based on an in-concert liability theory.

Winters appeals, arguing that the trial court erred by (1) granting Wangler's motion to dismiss and (2) ruling that section 15-102 of the Vehicle Code did not apply. We reverse and remand for further proceedings.

## I. BACKGROUND

In April 2005, Winters filed a complaint, alleging, in part, that in May 2004, Snider (1) negligently caused an accident that resulted in Keller's death and (2) operated a tractor and planter on a highway after sunset in violation of section 15-102 of the Vehicle Code (625 ILCS 5/15-102 (West 2004)). In June 2005, Snider filed a motion to strike the portion of Winters' complaint alleging that he operated the tractor and planter in violation of section 15-102. The trial court later granted Snider's motion upon determining that section 15-102 of the Vehicle Code did not apply because Snider's tractor and planter were exempt under section 15-101 of the Vehicle Code (625 ILCS 5/15-101 (West 2004)).

In July 2006, Winters filed a second amended complaint, alleging that in May 2004 (1) Snider negligently caused an accident that resulted in Keller's death (count I) and (2) Roger and Jeane Wangler, while engaged in a "joint enterprise" with Snider, negligently drove escort vehicles that contributed to

Keller's death (counts II and III, respectively).

Winters included the following factual allegations in her second amended complaint: (1) Keller died as a result of an automobile accident involving all three defendants, who were transporting farm equipment from one farm to another; (2) Snider employed Wangler; (3) on May 9, 2004, at 9:05 p.m., Snider drove his farm tractor while pulling an approximately 22-foot-wide planter across a 24-foot-wide bridge; (4) at Snider's request, Wangler drove Snider's truck as a "[l]ead [e]scort"; (5) Keller's vehicle collided with the planter and farm tractor; and (6) Wangler did not (a) have the proper signage required for a lead vehicle, which negated his ability to warn oncoming traffic that a wide load or oversized transport followed, (b) have adequate lighting on his vehicle, (c) prevent the fatal collision, (d) communicate "accurately" with Snider or the rear escort vehicle, (e) advise Snider to cross the bridge only after the stoplight on the bridge had stopped all oncoming traffic, and (f) maintain the proper distance between his vehicle and the tractor.

In August 2006, Wangler filed a motion to dismiss under section 2-619(a)(4) of the Civil Code (735 ILCS 5/2-619(a)(4) (West 2004)), arguing that because the trial court had previously granted Snider's motion to strike the portion of Winters' initial April 2005 complaint that alleged Snider operated a farm tractor and planter on a highway after sunset, in violation of section

- 3 -

15-102 of the Vehicle Code, she was "precluded from relitigating" the same issue against him. In August 2007, the court granted Wangler's motion, (1) reaffirming that section 15-102 of the Vehicle Code did not apply and (2) finding that "there was no duty alleged by [Winters] against [Wangler]."

In September 2007, Winters filed a motion to reconsider. In October 2007, Wangler filed a memorandum of law in response to Winters' motion to reconsider, in which he stated the following:

"During the *** argument on the [m]otion for [r]econsideration, [Winters] argued the facts and read from portions of the deposition of *** Wangler taken in this case. By doing so, apparently [Winters] sought to prove to the [c]ourt that *** Wangler provided 'substantial assistance' to *** Snider and therefore was liable to [Winters] based on 'in-concert liability.' However, this [m]otion to [d]ismiss is based on the [c]omplaint on file, not on depositions. For that reason, [Wangler] objected to this argument.

* * *

For purposes of the pending motion, the facts before the [c]ourt are found in the

- 4 -

pleadings.  It is inappropriate to argue
facts outside the pleadings.  As argued by
[Wangler], the [c]omplaint against [him] does
not state a cause of action."

However, in the same memorandum, Wangler argued the following
facts--not included in the pleadings--to demonstrate that the
circumstances of this case did not support Winters' in-concert
liability theory:

"The proximate cause of *** Keller's death is
*** Keller's *** failure to observe the on-
coming traffic, *** fail[ure] to take precau-
tions for his own safety, *** failure to keep
his own vehicle under control, and *** fail-
ure to observe any of the warning signs that
a reasonably careful person would observe."

In November 2007, the trial court denied Winters' motion to
reconsider.  (Snider and Jeane Wangler are not parties to this
appeal.)

This appeal followed.

## II. WINTERS' CLAIM THAT THE TRIAL COURT ERRED
## BY GRANTING WANGLER'S MOTION TO DISMISS

Winters argues that the trial court erred by granting
Wangler's motion to dismiss.  Specifically, Winters contends that
the court erred by determining that her second amended complaint
was legally insufficient because (1) she failed to allege that

Wangler owed Keller a duty and (2) section 15-102 of the Vehicle Code did not apply to the tractor and planter.

Prior to addressing the merits of Winters' contentions, we emphasize that these contentions are separate and independent. That is, whether section 15-102 of the Vehicle Code applies to this case has nothing to do with whether a common-law duty under an in-concert liability theory may also apply. In addition, Winters may make these claims either alternatively or conjunctively. Thus, although we conclude (for reasons explained later) that section 15-102 of the Vehicle Code does not apply, that conclusion does not preclude Winters from arguing a common-law duty under an in-concert liability theory.

A. The Nature of Wangler's Motion

Initially, we must decide the nature of the motion that gave rise to the order we are reviewing. When making a section 2-619(a) motion to dismiss, a defendant (for purposes of the motion) admits the legal sufficiency of the complaint, yet asserts the existence of an external defect or defense that defeats the cause of action. Burton v. Airborne Express, Inc., 367 Ill. App. 3d 1026, 1029, 857 N.E.2d 707, 711 (2006); 735 ILCS 5/2-619(a) (West 2004). Essentially, the defendant is saying in such a motion, "Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim." See Smith v. Waukegan Park District, 231 Ill. 2d 111, 121, __ N.E.2d __, __

- 6 -

(2008) ("a defendant moving for dismissal under section 2-619(a)(9) otherwise admits the legal sufficiency of the plaintiff's cause of action"); see also Cwikla v. Sheir, 345 Ill. App. 3d 23, 29, 801 N.E.2d 1103, 1109 (2003) (a section 2-619 motion assumes a cause of action has been stated, but asserts an affirmative matter that avoids the legal effect of the plaintiff's claims). This is why a section 2-619(a) motion is sometimes referred to as a "Yes, but" motion.

Conversely, in a section 2-615 motion, a party denies the legal sufficiency of the complaint. Northern Trust Co. v. County of Lake, 353 Ill. App. 3d 268, 278, 818 N.E.2d 389, 398 (2004); 735 ILCS 5/2-615 (West 2004). In other words, the defendant in such a motion is saying, "So what? The facts the plaintiff has pleaded do not state a cause of action against me." This is why a section 2-615 motion is sometimes referred to as a "So what" motion. See Worley v. Barger, 347 Ill. App. 3d 492, 494, 807 N.E.2d 1222, 1224 (2004) (noting that a section 2-615 motion challenges the legal sufficiency of the complaint on its face).

Here, despite Wangler's designation that his motion to dismiss was brought under section 2-619(a)(4), it actually was a section 2-615 motion to dismiss because Wangler essentially asserted that Winters failed to allege facts in her second amended complaint that showed Wangler owed Keller a duty, either

- 7 -

under the in-concert liability theory or pursuant to section 15-102 of the Vehicle Code (625 ILCS 5/15-102 (West 2004)).

Although Wangler improperly labeled his motion to dismiss as a section 2-619(a)(4) motion, we will review the substance of Wangler's motion under section 2-615 of the Civil Code, the section under which it should have been filed.  See Worley, 347 Ill. App. 3d at 494, 807 N.E.2d at 1224 (choosing to analyze the defendant's section 2-619 motion to dismiss as if it had been filed pursuant to section 2-615 because the defendant's motion attacked the legal sufficiency of the complaint); see also Loman v. Freeman, 375 Ill. App. 3d 445, 448, 874 N.E.2d 542, 545 (2006) (noting that the substance of a motion, not its label, determines what it is).

### B. Standard of Review

A section 2-615 motion to dismiss presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, are sufficient to entitle the plaintiff to relief as a matter of law.  Chandler v. Illinois Central R.R. Co., 207 Ill. 2d 331, 348, 798 N.E.2d 724, 733 (2003).  When reviewing a section 2-615 motion, the trial court must presume that the motion admits all well-pleaded facts and all reasonable inferences that reasonably flow therefrom. Napleton v. Village of Hinsdale, 229 Ill. 2d 296, 320, 891 N.E.2d

- 8 -

839, 853 (2008).

When ruling on a section 2-615 motion, the trial court may consider only the allegations in the pleadings. Hadley v. Ryan, 345 Ill. App. 3d 297, 300-01, 803 N.E.2d 48, 52 (2003). Further, the trial court should dismiss a cause of action only when it is clearly apparent that no set of facts can be proved that will entitle a plaintiff to recovery. Hadley, 345 Ill. App. 3d at 300-01, 803 N.E.2d at 52. Because a section 2-615 motion raises issues of law, we review orders granting section 2-615 dismissals de novo. Heastie v. Roberts, 226 Ill. 2d 515, 530-31, 877 N.E.2d 1064, 1075 (2007).

## C. Winters' Claim That the Trial Court Erred by Finding That She Failed To Allege That Wangler Owed Keller a Duty

Winters first contends that the trial court erred by finding that she failed to allege that Wangler owed Keller a duty. Specifically, Winters claims that she included sufficient facts to show that Wangler owed Keller a duty under an in-concert liability theory. We agree.

"In-concert liability" is defined as follows:

"For harm resulting to a third person from the tortious conduct of another, one is sub-ject to liability if he[:]

   (a) does a tortious act in concert with the other or pursuant to a common design with him, or

- 9 -

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."  (Emphasis added.)  Restatement (Second) of Torts §876, at 315 (1977).

Thus, pursuant to the Restatement, Winters first had to plead facts sufficient to show that a jury could find Snider negligent--that is, Winters had to show that (1) Wangler provided substantial assistance to Snider and (2) Wangler's individual conduct, separately considered, constituted a breach of duty as to Keller.  The elements of common-law negligence are duty, breach, and injury caused by that breach.  Price v. Hickory Point Bank & Trust, 362 Ill. App. 3d 1211, 1216, 841 N.E.2d 1084, 1088-89 (2006).

In her second amended complaint, Winters alleged, in part, that Wangler, as Snider's employee, agreed to act as a lead escort and was negligent for failing to "accurately" communicate certain information to Snider, causing a "miscalculation."  Based on this allegation, we conclude Winters pleaded sufficient facts

- 10 -

to show that a jury could find that Wangler (1) substantially assisted Snider in committing a tortious act and (2) individually breached a duty to Keller.

We emphasize that our holding in this case should in no way be construed to suggest drivers of escort vehicles may be liable merely because they escorted a negligent driver of a farm implement. Instead, we merely conclude that Winter's allegation that Wangler provided (1) inaccurate information and (2) substantial assistance, if proved, could be construed by a jury sufficient to find that Wangler acted "in concert" with Snider. Thus, Winters could arguably demonstrate duty, breach, and legal causation as to Wangler under an "in-concert" liability theory. Accordingly, Winters' allegation is sufficient to establish that liability may attach and, therefore, survives a section 2-615 motion to dismiss.

### D. Winters' Claim That the Trial Court Erred by Finding That Section 15-102 of the Vehicle Code Did Not Apply

Winters next contends that the trial court erred by determining that section 15-102 of the Vehicle Code (625 ILCS 5/15-102 (West 2004)) did not apply to the tractor and planter. We disagree.

In her initial complaint, Winters alleged that Snider was negligent in that he operated a tractor and planter more than one-half hour after sunset in violation of section 15-102 of the Vehicle Code (625 ILCS 5/15-102 (West 2004)). Section 15-102 of

- 11 -

the Vehicle Code provides, in pertinent part, that a vehicle may not exceed eight feet in width, with the following two exceptions:

> "(1) Loads of hay, straw[,] or other similar farm products provided that the load is not more than 12 feet wide.
>
> (2) Implements of husbandry being transported on another vehicle and the transporting vehicle while loaded."  625 ILCS 5/15-102(b)(1), (b)(2) (West 2004).

However, section 15-101(b) of the Vehicle Code (625 ILCS 5/15-101(b) (West 2004)) provides that the provisions of chapter 15 of the Vehicle Code do not apply to implements of husbandry temporarily operated or towed upon a highway.  Implements of husbandry are defined under the Vehicle Code as "vehicle[s] designed and adapted exclusively for agricultural *** operations."  625 ILCS 5/1-130 (West 2004)).

Here, Snider was temporarily towing the planter with his tractor--as opposed to transporting it on his tractor--from one farm to another.  Thus, we conclude that the tractor and planter are implements of husbandry, which, under the circumstances, are not subject to the specific provisions of section 15-102 because they were being temporarily operated.  Accordingly, section 15-102 of the Vehicle Code does not apply in this

case.

### III. EPILOGUE

We note that despite previously arguing in his memorandum of law to the trial court that Winters' attempt to argue facts outside the pleadings was inappropriate, Wangler did just that in that same memorandum and again in his brief to this court.

The following is a list of facts not included in the pleadings but included in Wangler's brief to this court: (1) Wangler first saw Keller's vehicle when it was between 1 and 1 1/2 and 2 miles away; (2) Wangler immediately used the radio in his truck to inform Snider of the oncoming vehicle; (3) Wangler pulled his truck halfway into Keller's lane to warn him of the presence of the tractor and planter; (4) Wangler alternated his headlights as he was in Keller's lane in an effort to warn Keller of the presence of the tractor and planter; (5) Wangler ran his hazard lights; (6) Wangler checked all the lights on his vehicle to insure that they were working before beginning the trip with Snider; (7) Wangler's experience had been that the combination of flashing his lights and pulling into the other lane had always worked to warn oncoming traffic of the danger; (8) Wangler saw that Keller's vehicle was not going to stop unless it collided with his truck; (9) Wangler observed that Keller's vehicle did not slow down; (10) Wangler moved out of Keller's lane; and (11)

Keller's vehicle did not stop until it collided with the tractor and planter.

All of the above-listed facts are contained in various other documents, like depositions, none of which was properly before (1) the trial court or (2) this court on appeal. As earlier pointed out, the focus of a motion to dismiss under section 2-615 of the Civil Code must be upon the facts alleged in the complaint to determine whether they state a cause of action. Therefore, in resolving this case, we have disregarded the above-mentioned averments. We mention this error so that (1) counsel will not repeat it and (2) the trial court will sua sponte disregard these types of improper averments when ruling on future section 2-615 motions.

## IV. CONCLUSION

For the reasons stated, we reverse the trial court's dismissal under section 2-615 of the Civil Code and remand for further proceedings in accordance with the views expressed herein.

Reversed and remanded for further proceedings.

TURNER, J., concurs.

COOK, J., specially concurs.

- 14 -

JUSTICE COOK, specially concurring:

Section 876 of the Restatement (Second) of Torts discusses when one person can be liable for the tortious conduct of another when that conduct harms a third person. Section 876 does not expand negligence liability or create a new form of liability but rather sets forth three instances where more than one person can be a contributing tortfeasor for one negligent act.

To paraphrase section 876, a person is liable for harm resulting to a third from the tortious conduct of another when

(1) the parties acted together to commit the tort;

(2) one party

(a) knows another party's conduct is tortious; and

(b) gives that party substantial assistance or encouragement;

(3) one party's act substantially assisted another to commit a tort and that party's action by itself could have constituted a tort.

The first and third examples involve instances where the party's own actions constituted a tort. The second example involves a case where the person did not commit an act that would

- 15 -

be a tort, but that person gave substantial assistance or encouragement to another party whose actions constituted a tort and that person knew that the other person's conduct constituted a tort.

Substantial assistance alone is never enough to open a person to liability. If substantial assistance alone were enough, the result would be "but for" liability; had it not been for the person's substantial assistance, the injury would not have occurred. This would expand negligence liability well beyond what section 876 of the Restatement describes. The court in Fortae v. Holland, 334 Ill. App. 3d 705, 778 N.E.2d 159 (2002), teetered on just that expansion.

The Fortae court first approved of "in-concert liability" jury instructions submitted to the jury noting that "Illinois courts have not fully colored in the law regarding in-concert liability ***. There was no requirement that plaintiff prove that [defendant's] actions fit under the standard definition of negligence, in addition to proving that [defendant] violated a duty to not act in concert with a tortfeasor who caused harm to plaintiff." Fortae, 334 Ill. App. 3d at 716, 778 N.E.2d at 168-69. While the jury instructions accurately summarized subsections (b) and (c) of section 876, the instructions were unnecessary as "in-concert" liability does not create a new form of liability. The court could have simply instructed the

jury based on the Illinois Pattern Jury Instructions, Civil, No. 10.01 (2006) defining negligence:

> "When I use the word 'negligence' in these
> instructions, I mean the failure to do some-
> thing which a reasonably careful person
> would do, or the doing of something which a
> reasonably careful person would not do,
> under circumstances similar to those shown
> by the evidence.  The law does not say how
> a reasonably careful person would act under
> those circumstances.  That is for you to
> decide."

After approving the jury instructions, the Fortae court went on to describe how defendant was liable under subsection (b) of section 876.  The court concluded that a driver escorting a semitruck carrying a mobile home was liable under "in concert" liability because the escort driver "(b) [knew] that [the semitruck driver's] conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement to the [semitruck driver]."  Restatement (Second) of Torts, §876(b), at 315 (1977).  While the Fortae court claimed to support the idea that "in-concert liability is not a panoply for liability whenever one party's actions would not have occurred but for the actions of another," the court went on to find the escort driver liable

merely for giving the semitruck driver "substantial assistance."

The first problem with Fortae's reasoning is that the court essentially determined that it was the escort driver's role that gave rise to "substantial assistance." The court stated:

> "[P]laintiff presented evidence that Holland [(the escort driver)] gave substantial assistance to Akers [(the semitruck driver)]. The nature of the act of negligently driving is directly connected to the relationship between Holland and Akers. Holland's relation to the other (Akers) as an escort vehicle weighs in favor of the assistance being substantial. Akers' testimony that he had previously warned Holland on the radio that he could not make abrupt stops also indicates a state of mind on the part of Holland which supports a finding of substantial assistance. In addition, Holland's presence was necessary for the commission of the tort, and indeed, he was physically involved in the traffic accident. Therefore, the jury had sufficient evidence to conclude that Holland substantially assisted Akers in acting negligently." (Emphasis added.)

Fortae, 334 Ill. App. 3d at 720, 778 N.E.2d
at 171-72.

The court found substantial assistance not because the escort driver did something beyond escorting the semitruck driver. The court found substantial assistance because he was the escort driver and part of the accident.

The bigger issue is that the Fortae court failed to address whether the escort driver knew that the semitruck driver's conduct constituted a breach of duty. The court concluded the jury had "sufficient evidence to conclude that Holland substantially assisted Akers in acting negligently." Fortae, 334 Ill. App. 3d at 720, 778 N.E.2d at 172. Substantial assistance by itself is not enough. Under subsection (b) of section 876, the court must also show that when the escort driver was substantially assisting the semitruck driver, the escort driver knew that the semitruck driver's conduct constituted a breach of duty. Ultimately, the court found that "but for" the escort driver's "act" of failing to prevent the semitruck driver from driving too closely, the harm would not have resulted. This expansion of vicarious liability was never intended under section 876.

In the two Illinois cases cited in Fortae, Wolf v. Liberis, 153 Ill. App. 3d 488, 505 N.E.2d 1202 (1987), and Umble v. Sandy McKie & Sons, Inc., 294 Ill. App. 3d 449, 690 N.E.2d 157 (1998), the courts recognized that "in-concert" liability did not

expand liability to include "but for" liability. The Fortae court, while acknowledging Wolf and Umble, failed to follow their reasonings.

In Umble, the court noted that the defendant's acts of repairing a tire for an obviously intoxicated person who injured another did not qualify for in-concert liability. The court noted that the act of repairing the tire was not "inherently wrongful" and the repair man "did not actively encourage" the intoxicated person to engage in wrongful activity. Umble, 294 Ill. App. 3d at 452, 690 N.E.2d at 159. In Wolf, the court recognized that the defendant's act of getting intoxicated and causing her fiancé to follow her as she drove home did not make her liable when, after she was no longer with her fiancé, he was involved in a car accident in his own vehicle that killed a third person. While the injuries to the third persons in both of these cases would not have happened "but for" the acts of the defendants, that alone should not open the defendants to liability.

To avoid inappropriately expanding negligence liability, a person who provides substantial assistance to one who commits a tort may also be liable only if that person knew the other was committing the tort or that person's substantial assistance by itself constituted a breach of duty.

Plaintiff may state a cause of action in this case if plaintiff alleges facts indicating the escort driver did some-

thing that a reasonable escort driver would not have done. Plaintiff does not state a cause of action, however, if plaintiff simply alleges that the escort driver provided substantial assistance.