NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190521-U

NO. 4-19-0521

FILED
July 28, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JESSE M. HATCH, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| JOHN R. BALDWIN, SHERRY BENTON, and | ) | No. 18MR542 |
| KEVIN KINK, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Brian T. Otwell, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1  *Held:*    The appellate court affirmed the trial court's dismissal of plaintiff's action because plaintiff failed to state a claim for which relief could be granted.

¶ 2       In July 2018, plaintiff, Jesse M. Hatch, a prisoner in the Illinois Department of Corrections (Department), filed a complaint against defendants, John R. Baldwin, acting director of the Department, Sherry Benton, member of the Administrative Review Board, and Kevin Kink, warden of Lawrenceville Correctional Center, in which he made numerous allegations surrounding an event that occurred in February 2017, when he relinquished his fan in order to obtain his typewriter. He was required to do so in order to comply with a prison policy that forbade him from having more than five electrical equipment items in his possession.

¶ 3       In December 2018, defendants filed a combined motion to dismiss Hatch's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1

(West 2016)), arguing dismissal was proper because Hatch had, in fact, exceeded the allowed number of electrical equipment items pursuant to the Department's administrative directive No. 05.10.115 (eff. Dec. 1, 2015) (hereafter "Directive"). Defendants also asserted that dismissal was appropriate because Hatch's claims were barred by sovereign immunity. Defendants further argued that they could not be held liable for denying Hatch's grievances because inmates do not have a constitutional right to a grievance process. Finally, defendants argued the complaint should be dismissed because Hatch had failed to allege sufficient facts to show that he was entitled to relief on any of his claims.

¶ 4        In June 2019, the trial court granted defendants' motion to dismiss. This appeal followed. On appeal, Hatch argues the trial court erred by granting defendants' motion to dismiss because (1) Hatch pleaded a cause of action upon which relief could be granted, (2) material facts were in dispute, and (3) defendants were not entitled to sovereign immunity. Hatch also argues the court erred by denying Hatch's motion to strike defendants' motion to dismiss. We affirm.

¶ 5                              I. BACKGROUND

¶ 6        In July 2018, Hatch filed a complaint in which he claimed defendants (1) violated his constitutional rights and (2) breached their statutory duties. He alleged that upon arrival at Lawrence Correctional Center in October 2016 from Stateville Correctional Center, he was allowed the following personal property: (1) a watch, (2) a calculator, (3) an electric shaver, (4) a fan, (5) trimmers, and (6) a television. In November 2016, he also was allowed a hot pot.

¶ 7        According to the complaint, in February 2017, Hatch received a notice that a typewriter was available for him in "Personal Property." When Hatch went to retrieve the typewriter, a corrections officer processing his personal property told him that he possessed "more than the five allowable contract/permit items" in violation of the Department's Directive. (We

note for the sake of clarity that Hatch continually refers to the items as "contract/permit" items and, although the Directive does label some items as "permit" items, the Directive makes no further distinction between these items and other items contained in the Directive.) The officer told Hatch that he would have to surrender one of his items to be able to receive the typewriter. Because it was winter, Hatch chose to relinquish his fan in exchange for the typewriter. Hatch informed the officer that he intended to file a grievance because he "had not exceeded the 5 allowable contract items described in AD #05.10.115." Later in February 2017, Hatch filed a grievance requesting the return of his fan and the abolition of the "policy of issuing contracts for non-contract/permit items, and counting those non-contract/permit items toward the 5 allowed contract permit items."

¶ 8        Hatch further alleged that between September 2017 and January 2018, he proceeded through the grievance process starting with his counselor and ending with the administrative review board, thereby exhausting his administrative remedies. Ultimately, his grievance was denied.

¶ 9        Hatch attached numerous exhibits to his complaint. A series of documents titled "Personal Property Contract" described Hatch's watch, calculator, electric shaver, fan, trimmers, television, and typewriter, as well as certain rules that Hatch would have to abide by in relation to the property. Another attachment was a copy of the Directive which stated, in part: "An offender may possess a combination of one each of any five of the following equipment items." The Directive then listed a fan, television, radio, cassette player, Walkman, MP3 player, beard trimmer, calculator, clip on light, hot pot, electric shaver, and typewriter. Finally, Hatch attached the decisions of the various Department personnel he dealt with during the grievance process.

¶ 10        Hatch's complaint contained four counts. First, Hatch claimed that defendants breached their statutory duty and violated his constitutional rights to due process and equal

protection of the law. Second, Hatch claimed that defendants violated the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.* (2016)) because defendants refused to return his fan despite his hypertension. Third, Hatch claimed that defendants subjected Hatch to cruel and unusual punishment by not returning his fan, resulting in him suffering "extreme heat related illness." Fourth, Hatch requested declaratory and injunctive relief in the form of (1) a determination that the Directive had been wrongly enforced against him, (2) the return of his fan, and (3) an injunction preventing defendants from denying him the use of his fan while his action proceeded.

¶ 11        In December 2018, defendants filed a combined motion to dismiss pursuant to section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2016). Defendants argued that dismissal was proper because Hatch had, in fact, exceeded the allowed number of electrical items pursuant to the Directive. Defendants also asserted that dismissal was appropriate because Hatch's claims were barred by sovereign immunity. Defendants further argued that they could not be held liable for denying Hatch's grievances because inmates do not have a constitutional right to a grievance process. Finally, defendants argued the complaint should be dismissed because Hatch had failed to allege sufficient facts to show that he was entitled to relief on any of his claims.

¶ 12        Defendants also asserted Hatch did not identify the statutory duty that defendants allegedly breached and failed to explain what liberty interest he had in possessing a fan or other property that could support his due process claim. In addition, defendants argued that Hatch failed to allege he was a member of a protected class or that the prison treated him less favorably than other similarly situated prisoners, thus failing to state an equal protection claim. Defendants further argued that Hatch was not subjected to cruel or unusual punishment because he did not allege facts that showed an extreme deprivation of humane conditions of confinement that put him at

immediate risk of serious harm or that they acted with deliberate indifference to such a risk.

¶ 13    Hatch filed a motion to strike defendants' motion to dismiss. Hatch argued that defendants intentionally mischaracterized his complaint by stating that he possessed "too many 'electrical items' " and "too many 'electrical devices.' " Hatch reiterated he was not over the limit of "5 contract/permit items."

¶ 14    In June 2019, the trial court created a docket entry in which it denied Hatch's motion to strike and granted defendants' motion to dismiss.

¶ 15    This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, Hatch argues the trial court erred by granting defendants' motion to dismiss because (1) he pleaded a cause of action upon which relief could be granted, (2) material facts were in dispute, and (3) defendants were not entitled to sovereign immunity. Hatch also argues the court erred by denying his motion to strike defendants' motion to dismiss. Defendants first argue that because Hatch attached exhibits to his complaint acknowledging that he, in fact, had more than the maximum allowed electrical equipment items, Hatch failed to state a claim for which relief could be granted. Because we agree with defendants' first argument, we need not address defendants' remaining arguments.

¶ 18                                A. The Law

¶ 19    Defendants filed a motion to dismiss Hatch's complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016) (allowing combined motions to dismiss)). A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31, 976 N.E.2d 318. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts

affirmative matter which defeats the claim. *Id.* Review under either section 2-615 or section 2-619 is *de novo*. See *id.*

¶ 20 Under section 2-615, the critical question is whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25, 988 N.E.2d 984. This court has described these motions as a defendant saying, "So what? The facts the plaintiff has pleaded do not state a cause of action against me." (Internal quotation marks omitted.) *Id.* (quoting *Winters v. Wangler*, 386 Ill. App. 3d 788, 792, 898 N.E.2d 776, 779 (2008)). *Id.*

¶ 21 Exhibits attached to a complaint become part of it and must be considered. *Allen v. Clark County Park District Board of Commissioners*, 2016 IL App (4th) 150963, ¶ 16, 67 N.E.3d 536. In evaluating a motion to dismiss, "[w]here an inconsistency between the factual allegation and the exhibit arises, the exhibit controls over the factual allegations in the pleading." *Mars, Inc. v. Heritage Builders of Effingham, Inc.*, 327 Ill. App. 3d 346, 355, 763 N.E.2d 428, 437 (2002).

¶ 22 B. This Case

¶ 23 Hatch's claims all arise out of his belief that he was erroneously deprived of either his fan or his typewriter in violation of the Directive. The Directive states that "[a]n offender may possess a combination of one each of any five of the following equipment items" and then lists the following: (1) fan, (2) television, (3) AM/FM radio, (4) AM/FM radio cassette player, (5) Walkman, (6) MP3 Player, (7) beard trimmer, (8) calculator, (9) clip on light, (10) hot pot, (11) electric shaver, and (12) typewriter. However, Hatch attached exhibits to his complaint which establish that he, in fact, had too many electrical equipment items. Those exhibits control "over

- 6 -

the factual allegations in the pleading." *Id.*; see also *In re Marriage of Van Ert*, 2016 IL App (3d) 150433, ¶ 14, 54 N.E.3d 928.

¶ 24 Hatch was never entitled to more than five of the items listed in the Directive. Because Hatch, according to his own pleadings, was not deprived of something to which he was entitled, he failed to articulate an injury. Based upon the information contained in Hatch's complaint and the attached exhibits, we conclude that Hatch has failed to state a cause of action. Thus, we find the trial court properly granted defendants' motion to dismiss.

¶ 25 III. CONCLUSION

¶ 26 For the reasons stated, we affirm.

¶ 27 Affirmed.