Filed 2/4/10          NO. 4-09-0246

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DAVID NORMAN and RICHARD NORMAN,     )    Appeal from
       Plaintiffs-Appellants,      )    Circuit Court of
       v.                         )    McLean County
SAMUEL BRANDT,                  )    No. 07L97
       Defendant-Appellee.        )
                                  )    Honorable
                                  )    Thomas M. Harris,
                                  )    Judge Presiding.

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In June 2007, plaintiffs, David Norman and Richard Norman (collectively, Norman), sued defendant, Samuel Brandt, alleging that pursuant to section 876 of the Restatement (Second) of Torts (Restatement (Second) of Torts §876, at 315 (1977)), Brandt drove his vehicle "in concert" with the driver of the vehicle from which David was thrown to cause David's injuries. In October 2008, Brandt filed a motion for summary judgment. In February 2009, the trial court granted Brandt's summary-judgment motion, ruling that section 876 of the Restatement (Second) of Torts did not apply.

Norman appeals, arguing that the trial court erred by granting Brandt's summary-judgment motion. We disagree and affirm.

I. BACKGROUND

The following facts were gleaned from (1) the parties'

pleadings and depositions, (2) the January 2009 hearing on Brandt's motion for summary judgment, and (3) the trial court's memorandum of decision.

In August 2005, Brandt, David, Jacob Martin, Matt Drew, Brad Scott, and Amanda Leggett were celebrating Brad's eighteenth birthday at Jacob's mother's Normal, Illinois, apartment. As part of the birthday celebration, the group decided to travel to Brandt's relative's lake house for a swim in Lake Bloomington. Because none of the other members of the group had been to the lake house, Brandt volunteered to lead Amanda, who elected to drive separately. Matt and Brad rode with Brandt, while David and Jacob rode with Amanda.

Amanda followed Brandt out of town and onto a narrow country road. Amanda was following closely behind Brandt when her vehicle careened from the road and rolled over several times coming to rest in a soybean field. David was thrown from Amanda-'s vehicle during the rollover and experienced serious injury and paralysis. David later died as a result of these injuries.

In June 2007, Norman sued Brandt, alleging that Brandt was responsible for David's injuries because Brandt acted "in concert" with Amanda. Specifically, Norman claimed that because Brandt (1) volunteered to lead Amanda to the lake house, (2) forced Amanda to exceed the speed limit to maintain visual contact with his vehicle, and (3) knew but failed to warn Amanda

that the country road was narrow and gravel-strewn, Brandt was responsible for David's injuries.

In October 2008, Brandt filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1005 (West 2008)), asserting that he was not acting in concert with Amanda and, thus, did not owe David a duty. In February 2009, the trial court granted Brandt's motion, explaining its findings in a memorandum of decision, as follows:

"[Brandt] has moved for summary judgment claiming that the evidence, when viewed in the light most favorable to [Norman], does not establish a genuine issue of material fact, and that he is entitled to judgment as a matter of law. [Brandt] asserts [that] the evidence does not establish a duty owed by [Brandt] to [David] under [s]ection 876 of the Restatement ***, and argues that [Norman is] unable to establish that [Brandt's] actions were the cause of [Amanda] losing control of her vehicle. [Brandt's] [m]otion [f]or [s]ummary [j]udgment as to duty is allowed.

*** [Norman] ask[s] that a duty be found

- 3 -

under [s]ection 876 of the Restatement[.] Section 876 provides as follows:

[']For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he[:]

> (a) does a tortious act in concert with the other pursuant to a common design with him, or

> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.[']

In [his c]omplaint [Norman] assert[s that Brandt] 'encouraged or gave substantial assistance to Amanda *** in that he drove his motor vehicle at a high rate of speed, thereby encouraging Amanda *** to drive her motor

- 4 -

vehicle at a high rate of speed in order to keep up with him.'  ***  This allegation appears to invoke subparagraphs (b) and (c) of [s]ection 876 where the focus is on whether the [d]efendant gives 'substantial assistance or encouragement' to the third person[.]  However, at paragraphs 16 and 17 of [his] written response to the summary judgment motion[, Norman] appear[s] to abandon an application of sub[]paragraphs (b) and (c) of [s]ection 876 and instead assert application of sub[]paragraph (a):

> ['] 16.  In this case, [Norman] is alleging that *** Brandt committed a tortious act (speeding) in concert with Amanda *** who was also speeding, pursuant to a common design between the two of them to transport their group of teenage friends to the lake house for the purpose of going swimming.
>
> 17. [Brandt], in his [m]otion for [s]ummary [j]udgment, focuses upon subparagraphs (b) and (c) of

the Restatement [(Second)] of Torts and argues that *** Brandt's conduct does not fit within those parameters.  Most of the cases cited by [Brandt] in support of his position are cases distinguishing, for example, <u>what</u> <u>constitutes</u> <u>substantial</u> <u>assistance</u> <u>or</u> <u>encouragement</u> <u>which</u> <u>is</u> <u>not</u> <u>an</u> <u>issue</u> <u>in</u> <u>this</u> <u>case</u>.  [Norman] believes that the negligent act of speeding by *** Brandt puts him squarely within the established liability for in[-]concert liability. ([E]mphasis added[.])[']

The question here then is whether [Brandt] did 'a tortious act in concert with [Amanda] or pursuant to a common design with [her]' per sub[]paragraph (a) of [s]ection 876. This court believes he did not.

The evidence [that Norman] assert[s] establishes in[-]concert liability, viewed in the light most favorable to [Norman], consists of the following:

(a) The group of young people decided to go swimming at [Brandt's] relative's lake house;

(b) Only [Brandt] knew how to get to the lake house;

(c) Amanda *** was an inexperienced driver and prior to leaving on the trip told [Brandt] to 'go slow';

(d) The speed limit on the roadway was 55 [miles per hour];

(e) Amanda['s] speed at the time of the accident was 70-75 [miles per hour];

(f) Amanda *** was following [Brandt] and thus by inference [Brandt's] speed was also 70-75 [miles per hour].

It is undisputed that the only agreement that day between [Brandt] and [Amanda] was that [Amanda] would follow [Brandt] to the lake house. There is no evidence of a common design to speed. There is no evidence that [Brandt] and [Amanda] were racing or engaged in horseplay. There is no evidence that the group had to arrive by a time certain. There is no evidence that [Brandt] was trying to

'lose' [Amanda].  The evidence of a 'common design' is that they agreed to go swimming as a group and that one car would follow the other.  There is nothing tortious about that common design.  The only evidence of an act done 'in concert' was that one car was traveling in front of the other.  ***  In this case[,] there is no evidence of a mutually contrived or agreed[-]on plan between [Brandt] and [Amanda] to commit a tortious act. The only plan was for [Amanda] to follow [Brandt] to the lake house.  That is not a plan to commit a tortious act.  The only claimed tortious act is [Brandt's] act of speeding but there is no evidence that there was a plan to speed.

In addition, even if [Norman] ha[d] not abandoned a claim based on sub[]paragraphs (b) [and] (c) of section 876, the court finds [that] insufficient evidence exists that [Brandt] gave [Amanda] 'substantial assistance' or 'encouragement' to act tortiously. 'The elements of section 876 require [***] affirmative conduct that one's own actions

create a duty.  Under section 876, liability may be imposed only in instances where the defendant's conduct is more than benign.' Sanke v. Bechina, 216 Ill. App. 3d 962, 971[, 576 N.E.2d 1212, 1218 (1991)].  Certainly no evidence exists here of express encouragement or assistance given by [Brandt] to [Amanda]. And even if it was given in an implied fashion, the court finds it to be insubstantial. To hold otherwise would come dangerously close to imposing 'but for' liability [(]Winters v. W[]angler, [386 Ill. App. 3d 788, 798,] 898 [N.E.2d] 776, 784 [(2008)] ([Cook, J.,] special[ly] concurr[ing])[)].  ***

Under a traditional duty analysis[,] a duty of care arises when the parties stand in such a relationship to one another that the law imposes upon [the] defendant an obligation of reasonable conduct for the benefit of the plaintiff.  [Citation.]  Relevant factors include: the foreseeability of injury, the likelihood of injury, magnitude of the burden of guarding against the injury, the consequences of placing the burden on the defen-

dant, and the possible seriousness of the injury. [Citation.] The only claimed wrongful act by [Brandt] is that he was traveling between 70 and 75 [miles per hour] on a road where the speed limit was 55 [miles per hour]. The [c]ourt does not find it foreseeable that [Amanda] would not be paying attention and instead would be singing to music on the radio with her passengers when she lost control of her vehicle as the evidence suggests. Further, if [Norman's] theory of liability is adopted, at what point would [Brandt's] liability terminate? What if he was traveling at 65 [miles per hour]? What about 55 [miles per hour]? [Norman's] expert opined in his report that 'a safe northbound approach speed to the area of this crash would be 30 [to] 35 [miles per hour].' Could [Brandt] be liable if he was instead traveling below the speed limit? The burden of imposing such a duty is not reasonable under a traditional duty analysis."

This appeal followed.

## II. NORMAN'S CLAIM THAT THE TRIAL COURT ERRED BY GRANTING BRANDT'S MOTION FOR SUMMARY JUDGMENT

Norman argues that the trial court erred by granting Brandt's motion for summary judgment for two reasons. First, Norman contends that Brandt owed David a duty of reasonable care pursuant to section 876 of the Restatement (Second) of Torts. Alternatively, Norman argues that section 324A of the Restatement (Second) of Torts (Restatement (Second) of Torts §324A, at 147 (1977))--which imposes a duty of reasonable care upon an individual who renders services that "he should recognize as necessary for the protection of a third person"--imposed a duty upon Brandt to use reasonable care, given Brandt volunteered to lead the two-car caravan at a slow speed. We disagree that the court erred by granting summary judgment.

### A. The Doctrines of Waiver and Forfeiture As They Apply to This Case

Initially, we note that Norman has (1) waived a portion of his contention that section 876 of the Restatement applies to the facts of this case because he affirmatively represented to the trial court that subsections (b) and (c) of section 876 were "not at issue in this case" (see People v. Houston, 229 Ill. 2d 1, 10, 890 N.E.2d 424, 429-30 (2008) (the defendant's counsel waived the presence of the court reporter by affirmatively agreeing that the reporter's presence was unnecessary)) and (2) forfeited his contention that section 324A of the Restatement applies to the facts of this case because he has raised it for the first time on appeal (see People v. Williams, 384 Ill. App.

3d 327, 340, 892 N.E.2d 620, 632 (2008) (the defendant forfeited appeal on ground that an allegedly improper jury instruction was given when he failed to object to the instruction at the trial level)).

In spite of Norman's waiver, we nonetheless elect to review his section 876 contention in toto because the trial court acknowledged Norman's waiver but went on to consider and dispose of the otherwise waived portions of Norman's section 876 claim. Put another way, we will review Norman's otherwise waived assertions because the trial court was presented with them, and the court addressed them. Conversely, although we likewise have authority to review Norman's section 324A contention--which we again note was an argument never presented to the trial court-- such authority should be exercised exceedingly sparingly. See People v. Robinson, 223 Ill. 2d 165, 174, 860 N.E.2d 1101, 1106 (2006) (recognizing that forfeiture is a limit on the parties and not the court but nonetheless refusing to address the merits of the defendant's forfeited contentions). In this case, Norman has provided no reason why we should not apply this sound doctrine to his apparently newly discovered section 324A contention. Accordingly, we elect not to review his section 324A contention.

B. Summary Judgment and the Standard of Review

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment

as a matter of law.  _Virginia Surety Co. v. Northern Insurance_

_Co. of New York_, 224 Ill. 2d 550, 556, 866 N.E.2d 149, 153

(2007).  When deciding whether a genuine issue of material fact

exists, a court must construe the pleadings, depositions, admis-

sions, and affidavits strictly against the movant and liberally

in favor of the opponent.  _Williams v. Manchester_, 228 Ill. 2d

404, 417, 888 N.E.2d 1, 9 (2008).  Given this standard, we accept

for purposes of our review that (1) Amanda's actions were tortio-

us and (2) Brandt was exceeding the speed limit at the time of

the accident.

   We review _de_ _novo_ a party's appeal from a trial court's

entry of summary judgment.  _Virginia Surety Co._, 224 Ill. 2d at

556, 866 N.E.2d at 153.

### C. Norman's Contention That Section 876 Imposed a Duty Upon Brandt

#### 1. Section 876 of the Restatement (Second) of Torts

Section 876 of the Restatement states as follows:

"For harm resulting to a third person

from the tortious conduct of another, one is

subject to liability if he[:]

(a) does a tortious act in

concert with the other or pursuant

to a common design with him, or

(b) knows that the other's

conduct constitutes a breach of

- 13 -

duty and gives substantial assis-
tance or encouragement to the other
so to conduct himself, or

(c) gives substantial assis-
tance to the other in accomplishing
a tortious result and his own con-
duct, separately considered, con-
stitutes a breach of duty to the
third person."  Restatement (Sec-
ond) of Torts §876, at 315 (1977).

## 2. Section 876 As Applied to This Case

### a. Section 876(a): A Tortious Act in Concert or Pursuant to a Common Design

Under section 876(a) of the Restatement, a person is liable for the injuries of a third person from the tortious conduct of another when the person acted "in concert" or "pursuant to a common design" with the person who acted tortiously-- that is, the parties acted together to commit the tortious conduct.  Restatement (Second) of Torts §876(a), at 315 (1977). Section 876(a) requires that (1) the party's own actions, separately considered, constitute a tort and (2) such action was conducted together with another party.  Winters, 386 Ill. App. 3d at 796, 989 N.E.2d at 783 (Cook, J., specially concurring).

The authors of the Restatement (Second) of Torts provided, in pertinent part, the following illustrations to

- 14 -

describe when section 876(a) could potentially be implicated:

"2.   A and B are driving automobiles on the public highway.  A attempts to pass B.  B speeds up his car to prevent A from passing.  A continues in his attempt and the result is a race for a mile down the highway, with the two cars abreast and both travelling at dangerous speed.  At the end of the mile, A's car collides with a car driven by C and C suffers harm.  Both A and B are subject to liability to C.

* * *

3.   A is drunk and disorderly on the public street.  B, C[,] and D, who are all police officers, attempt to arrest A for the misdemeanor committed in their presence.  A resists arrest.  B and C take hold of A, using no more force than is reasonable under the circumstances.  A breaks away and attempts to escape.  D draws a pistol and shoots A in the back.  B and C are not liable to A for the shooting."  Restatement (Second) of Torts §876, Illustrations a, c, at 316-17 (1977).

- 15 -

This case falls somewhere between the implicit agreements in the illustrations outlined above. In the first illustration, the party--B in that case--(1) acted tortiously by increasing the speed of his vehicle so that the other party could not safely pass and, by doing so, (2) implicitly agreed to "race" at "dangerous speeds." Conversely, in the second illustration, B and C--the two officers who acted entirely reasonably--did not commit a tortious act, because they did not by their actions alone implicitly agree to act together with the third officer to act tortiously by shooting the suspect in the back.

Here, construing the facts liberally in favor of Norman, Brandt, like officers B and C from the second illustration, did not agree to commit a tortious act, despite Brandt arguably having acted unreasonably by exceeding the speed limit. However, unlike the scenario in the first illustration, Brandt did not agree with Amanda to commit a tortious act. Indeed, the record shows that (1) Brandt was not attempting to race with Amanda and (2) neither party was engaged in horseplay sufficient to demonstrate an implicit agreement to commit a tort. Accordingly, we view the facts of this case more akin to the scenario in the second illustration than the scenario in the first illustration and conclude that Brandt did not act in concert with Amanda for purposes of section 876(a).

b. Section 876(b): Knowledge of the Tortious Act in Conjunction with Substantial Assistance or Encouragement

- 16 -

Under section 876(b) of the Restatement (Second) of Torts, a person is liable for the injuries of a third person from the tortious conduct of another when that person gives the tortfeasor <u>substantial</u> <u>assistance</u> or <u>encouragement</u>. Restatement (Second) of Torts §876(b), at 315 (1977). Put another way, section 876(b) applies when "the person did not commit an act that would be a tort, but that person gave substantial assistance or encouragement to another party whose actions constituted a tort <u>and</u> that person <u>knew</u> that the other person's conduct constituted a tort." (Emphasis in original.) <u>Winters</u>, 386 Ill. App. 3d at 796, 989 N.E.2d at 783 (Cook, J., specially concurring).

The authors of the Restatement (Second) of Torts also provided multiple illustrations to describe when section 876(b) could potentially be implicated. However, before proceeding to those illustrations, we deem it helpful to define the roots of the terms "assistance" and "encouragement," which are terms the authors of the Restatement (Second) of Torts used deliberately. To "assist" another is to "help" or "give support or aid [to]" (Merriam-Webster's Collegiate Dictionary 69 (10th ed. 2000)), whereas, to "encourage" is to "spur on" or "give help *** to" another (Merriam-Webster's Collegiate Dictionary 380 (10th ed. 2000)). The illustrations provided are, in pertinent part, as follows:

"6. A and B are members of a hunting

- 17 -

party.  Each of them in the presence of the other shoots across a public road at an animal, which is negligent toward persons on the road.  A hits the animal.  B's bullet strikes C, a traveler on the road.  A is subject to liability to C.

* * *

11. A supplies B with wire cutters to enable B to enter the land of C to recapture chattels belonging to B, who, as A knows, is not privileged to do this.  In the course of the trespass upon C's land, B intentionally sets fire to C's house.  A is not liable for the destruction of the house."  Restatement (Second) of Torts §876, Illustrations 6, 11, at 318 (1977).

In light of the aforementioned definitions and illustrations, we conclude that Brandt did not lend substantial assistance or encouragement to Amanda in this case.  The record shows that Brandt did not communicate with Amanda in any way while the group was traveling to the lake house.  Further, although Brandt apparently exceeded the speed limit from time to time, Brandt did not drive in such a way so as to encourage Amanda to drive tortiously.  Like the party who supplied the

- 18 -

tortfeasor with the wire cutters in the fourth illustration, Brandt's actions in this case were insufficient to be considered "substantial assistance or encouragement" to Amanda's tortious conduct. Accordingly, we also view section 876(b) as inapplicable to the facts of this case.

c. Section 876(c): Substantial Assistance and Conduct, Separately Considered, Constitute a Breach of Duty

Under section 876(c) of the Restatement (Second) of Torts, a person is liable for the injuries of a third person from the tortious conduct of another when a party's act substantially assisted another to commit a tort and that party's action by itself could have constituted a breach of duty. Restatement (Second) of Torts §876(c), at 315 (1977). In other words, section 876(c) requires that (1) the party's own actions, separately considered, constituted a breach of duty and (2) the party gave substantial assistance in accomplishing a tortious act. Winters, 386 Ill. App. 3d at 796, 989 N.E.2d at 783 (Cook, J., specially concurring).

As they did with sections 876(a) and (b), the authors of the Restatement (Second) of Torts provided, in pertinent part, the following illustrations to describe when section 876(c) could potentially be implicated:

"12. A and B hunt together but not in the prosecution of a joint enterprise. It is not negligent to hunt where they are, and

- 19 -

neither of them has reason to believe that the other will be negligent. Under the unreasonable belief that it is an animal, A shoots at a moving object that proves to be a man. B is not liable for A's negligent act.

* * *

14. A supplies B with wrecking tools, knowing that B is going to use them on a specific tract of land but having no reason to know that B is planning to burglarize a building on the land. A is not liable to C, the owner of the building burglarized by B through the use of the wrecking tools."

Restatement (Second) of Torts §876, Illustrations 12, 14, at 319 (1977).

Here, similar to the fifth and sixth illustrations, Brandt and Amanda were not prosecuting a joint enterprise to commit a tort. Indeed, Amanda simply decided to follow Brandt to his relative's lake house. Neither had reason to know that the other would act tortiously. Nevertheless, Amanda apparently acted tortiously. As previously stated, we do not view Brandt's (1) agreement to allow Amanda to follow him and (2) driving in excess of the speed limit sufficient to establish that he substantially assisted Amanda in performing that tort. Therefore,

we conclude that section 876(c), like sections 876(a) and (b), does not offer a legal basis upon which to hold Brandt liable for David's injuries.

Accordingly, the trial court did not err by granting Brandt's summary-judgment motion.

### III. EPILOGUE

In closing, we note that in his brief to this court Norman cited several cases from other states purporting to interpret section 876 of the Restatement in his favor. We are skeptical of Norman's interpretation of the holdings in those cases. Nonetheless, to the extent that our view of section 876 of the Restatement conflicts with that of other jurisdictions, we decline to follow those interpretations.

We also commend the trial court for its thoughtful and thorough written judgment order in this case.

### IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON and POPE, JJ., concur.