Skoglund, J.,
¶ 36. dissenting. “In concert” liability requires that the defendant know of the tortious conduct of others proximately causing the injury and that the defendant provide substantial assistance or encouragement to those engaging in it. Here, even assuming there was sufficient evidence of Stinson’s awareness of others’ tortious conduct causing the fire — a doubtful proposition in and of itself — no evidence demonstrated that Stinson substantially assisted or encouraged any such conduct. Accordingly, I respectfully dissent.
¶ 37. The responses to the questions presented on the special verdict form provide some insight into the jurors’ thinking. The jury determined that none of the three defendants at trial had engaged in negligent conduct causing the fire, but that two of them — Stinson and Sweet — had acted in concert with the negligent conduct of one or more of the three other youths from whom plaintiffs had obtained default judgments. The only defendant at trial found not to have acted in concert with the tortious conduct of others was Spear, who, according to the testimony at trial, was the only one of the youths to leave the property before the fire was started in the chiminea on the deck. The trial testimony also revealed that Stinson left the party before the other four of the five youths who went up to the deck after Spear left. One witness, Plude, estimated that Stinson left fifteen-to-twenty minutes earlier than her, while Gritman, the person she left with, estimated that Stinson left forty-five minutes earlier than them. Plude testified that Sweet and Lawson were the ones *171 who started and fed the fire in the chiminea, and no other evidence contradicted this testimony. There was no evidence as to when Sweet and Lawson left — only that they were still there when Stinson left. The evidence concerning the attempts to extinguish the fire in the chiminea centered only on Gritman and Plude, both of whom testified that they dumped beer on the hot coals before leaving.
¶ 38. What, then, did the jury consider to be the tortious act with which Stinson and Sweet acted in concert? It could not have been the trespass by the youths. Indeed, the trial court declined to charge the jury on trespass based, in part, on “ruling as a matter of law that the trespass in this case cannot serve as the tortious act under [§ 876(b) of the Restatement] because of a lack of nexus, a causal nexus between the trespass . . . and the tort that caused the harm” — negligence. Moreover, the jury determined that three of the trespassers — Stinson, Spear, and Sweet — were not negligent and that one of them — Spear — did not act in concert with the negligent act — even though testimony indicated that he initiated the trespass.
¶ 39. The majority appears to presume that the negligent act was the manner in which the fire was made and maintained, citing testimony that the fire was so large that it forced people to move back from the chiminea and caused flames to shoot out of the top of the chiminea.[4] But neither of plaintiffs’ fire experts testified that it is negligent to build a fire in a chiminea that results in flames coming out of the top and/or requires persons to move back a few feet — let alone that Stinson should have known as much. More important, the evidence indicated that, by the time the youths left, there were, at most, just smoldering coals left in the chiminea. Hence, the size of the fire or flames in the chiminea was not the cause of the house fire. Indeed, the jury does not appear to have considered the making or tending of the fire to be the negligent act. The testimony indicated that Sweet was one of the two people who started and maintained the fire, yet the jury determined that he did not commit a negligent act that caused the fire. Rather, logic and the responses to the special verdict form *172 strongly suggest that the jurors considered the negligent act to be not extinguishing the fire properly.
¶ 40. What, then, was the evidence regarding Stinson’s role with respect to the negligent act? There is no testimony in the record indicating that Stinson was present when the youths decided to make a fire in the chiminea. In any event, the jury plainly did not consider that to be an act in concert with the negligent act; the evidence indicated that Spear, whom the jury found did not act in concert with the negligent act, was present when the decision was made to build the fire. Moreover, other than one witness’s affirmative response to a question by plaintiffs’ attorney asking if gathering brush for the fire was “a group effort,” there was no evidence that Stinson had anything to do with starting or maintaining the fire. Indeed, the principal witness among the youths, Plude, testified that Sweet and Lawson were the ones that gathered brush to start the fire and then tended it. Plaintiffs’ counsel elicited testimony that Stinson was a longtime smoker who always carried a lighter, but Plude testified that they all had lighters, and there was no evidence suggesting that Stinson lit the fire with his lighter.
¶ 41. Thus, the only evidence upon which the jury could have concluded that Stinson acted in concert with a negligent act was testimony indicating that he was present and participating in the party on the deck when the fire was burning and/or that he said nothing to the people remaining when he left to ensure that they extinguished the fire properly.
¶ 42. The question, then, is whether Stinson substantially encouraged or assisted in the negligent act that caused the fire, so as to be liable under § 876(b), by being present on the deck while the fire was burning and/or by failing to tell those remaining when he left to extinguish the fire before they left. In my view, this evidence fails, as a matter of law, to establish Stinson’s in-concert liability.
¶ 48. “We have held that ‘[cjlosely intertwined with the concept of substantial assistance is the principal of proximate cause,’ ” Lussier v. Bessette, 2010 VT 104, ¶ 11, 189 Vt. 95, 16 A.3d 580 (quoting Montgomery v. Devoid, 2006 VT 127, ¶ 21, 181 Vt. 154, 915 A.2d 270) (quotation omitted), which “calls for a causal connection between the act for which defendant is claimed to be responsible and which is alleged to be negligent and the resulting flow of injurious consequences.” Id. (quotation omitted). Similarly, *173 the Restatement cautions that “the encouragement or assistance” must be “a substantial factor in causing the resulting tort.” Restatement (Second) of Torts § 876 cmt. d (1979). In determining whether the assistance or encouragement is substantial enough to create in-concert liability, courts should consider “the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind.” Id.
¶ 44. Regarding the first of these factors, the act “encouraged” in this case was not completely dousing the fire in the chiminea before leaving the house. The testimony was that the last youths to leave the house attempted to douse the remaining coals but presumably did a poor job in doing so. There is no evidence to suggest that any comment by Stinson warning the others to make sure that the fire was extinguished properly before they left would have made any difference as far as their efforts to douse it. Regarding the second and third factors, Stinson was not there when the remaining youths attempted to douse the coals in the chiminea and did not provide any assistance in that act. Regarding the fourth and fifth factors, Stinson was part of the group that may have enjoyed the fire in the chiminea, but there is absolutely no evidence as to his particular state of mind. These factors do not favor imposing in-concert liability on Stinson under the circumstances of this case.
¶ 45. In summary, the jury imposed in-concert liability on Stinson for the negligent act of failing to extinguish the fire properly based solely on his being present on the deck when the chiminea was in use and/or failing to advise the others before he left to make sure the fire was extinguished properly. In my view, this conduct, without more, is too attenuated as a matter of law to impose liability on him under § 876(b). Cf. Norman v. Brandt, 929 N.E.2d 14, 21 (Ill. App. Ct. 2010) (concluding that first youth speeding in car — who knew that second youth following him did not know way to agreed-upon destination — did not provide substantial assistance or encouragement to second youth sufficient to establish liability under Restatement § 876(b) with respect to alleged wrongful death of passenger in second car).

 The majority makes much of the fact that the youths had been drinking. There was very little evidence, however, regarding the extent of the drinking. One of the youths testified that “[t]here wasn’t that much beer there,” and the only evidence concerning the condition of the youths was testimony that Plude was intoxicated when she left the house.