# Illinois Official Reports

## Appellate Court

> ### *Crawford County Oil, LLC v. Weger*, 2014 IL App (5th) 130382

| | |
|---|---|
| Appellate Court Caption | CRAWFORD COUNTY OIL, LLC, and LaCROSS, INC., Plaintiffs-Appellants, v. FLOYD WEGER, MICHAEL WORTHY, PAULA WORTHY, and CHARLENE CORNWELL, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-13-0382 |
| Filed | August 15, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action where the questions certified by the trial court pursuant to Supreme Court Rule 308 would not materially advance the ultimate termination of the instant litigation, the appellate court limited the scope of its answers to the facts of the case, including the fact that defendants did not file any answer to plaintiffs' complaint, and therefore, the appellate court responded that under the circumstances presented, section 2-610 of the Code of Civil Procedure does not apply where no answer was filed, and, in the absence of an answer to the complaint, the response to the first question rendered moot the second question as to whether deeming an allegation admitted renders the introduction of evidence supporting the allegation unnecessary; furthermore, based on plaintiffs' failure to make a motion to have the allegations of the complaint deemed admitted until after they opened their case-in-chief, the trial court had the discretion to grant defendants leave to file a late answer, and therefore, the cause was remanded with directions to enter an order requiring defendants' answer to be in writing and contain a verification in accord with section 2-605 of the Code. |
| Decision Under Review | Appeal from the Circuit Court of Crawford County, No. 11-CH-8; the Hon. Mark L. Shaner, Judge, presiding. |
| Judgment | Certified questions answered; cause remanded with directions. |

Counsel on
Appeal

Gregory K. Stewart, of Conger & Elliott, P.C., of Carmi, for appellants.

Thomas G. Maag, of Maag Law Firm, LLC, of Wood River, for appellees.

Panel                JUSTICE SPOMER delivered the judgment of the court, with opinion. Justices Goldenhersh and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1        Upon the motion of the plaintiffs, Crawford County Oil, LLC, and LaCross, Inc., the circuit court of Crawford County certified the following questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010): (1) Are factual allegations in a complaint which are not denied deemed admitted? (2) If a fact is deemed admitted in the pleadings, is the admission a judicial admission making it unnecessary for the party to introduce evidence in support thereof? and (3) Does a trial court have discretion to order a defendant, after the close of the plaintiffs' case-in-chief, to make an initial answer to the plaintiffs' complaint when the defendant had not previously answered the allegations in the complaint? For the following reasons, we find that answering the certified questions, as written, will not materially advance the ultimate termination of this litigation, and as such, we limit the scope of our answer to these questions to the facts of this case, in which the defendants have not filed an answer at all, and the plaintiffs have sought judicial admission of the allegations of the complaint pursuant to section 2-610 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-610 (West 2012)). Under these circumstances, we hold that section 2-610 of the Code is inapplicable in situations where there has been no answer filed, and as such, answer the first question, as we have reframed it, in the negative, rendering the second certified question moot. Furthermore, under these circumstances, where the plaintiffs, on the day of trial, filed a motion pursuant to section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)) seeking to have all of the allegations of the complaint deemed admitted for the failure of the defendants to file an answer, we hold that the circuit court has the discretion to allow the defendants to file an answer, and as such, answer the third certified question, as we have reframed it, in the affirmative. Having answered the certified questions as we have reframed them in order to materially advance the termination of this litigation, in the interests of judicial economy and the need to reach an equitable result, we remand these proceedings to the circuit court with directions that its order be amended to require that the answer be in writing and contain a verification in accordance with section 2-605 of the Code (735 ILCS 5/2-605 (West 2012)).

¶ 2                                      FACTS
¶ 3        On March 7, 2011, the plaintiffs filed a complaint in the circuit court of Crawford County against the defendants, Floyd Weger, Michael Worthy, Paula Worthy, and Charlene Cornwell.

According to the complaint, the plaintiffs own an interest in oil and gas leases on the defendants' properties and have ceased production on certain wells located on those properties, which requires the plaintiffs, under Illinois Department of Natural Resources (IDNR) regulations, to plug those wells. The complaint alleges that the defendants ejected the plaintiffs from their respective properties while the plaintiffs were attempting to plug the subject wells and continue to deny the plaintiffs access to their properties for this purpose. In the complaint, the plaintiffs request an injunction requiring the defendants to grant them access to the properties so that they may plug the wells. The complaint is verified pursuant to section 2-605 of the Code (735 ILCS 5/2-605 (West 2010)).

¶ 4 On April 8, 2011, the defendants filed a motion to dismiss the complaint, and on June 28, 2011, the defendants filed a motion for summary judgment. According to a docket entry dated July 20, 2012, the circuit court entered an order denying the motion for summary judgment, but the record contains no documentation to indicate that the motion to dismiss was ever called for hearing or ruled upon.

¶ 5 On March 12, 2013, a bench trial commenced and both parties affirmed that they were ready to proceed with the trial. Prior to beginning their case-in-chief, the plaintiffs requested leave of court to read the allegations of the complaint into the record as judicial admissions pursuant to section 2-610 of the Code (735 ILCS 5/2-610 (West 2010)), because the defendants failed to file an answer. In response, the defendants noted that there was no order directing that an answer be filed by a specific date. In addition, the defendants argued that the allegations of the complaint should be considered, at most, evidentiary admissions that could be rebutted by contrary evidence, rather than judicial admissions. In addition, the defendants offered to orally answer the complaint by admitting or denying each allegation on the record. After a recess, the circuit court ruled that it had discretion to consider the allegations of the complaint as evidentiary admissions rather than judicial admissions, citing *Hecht v. Hecht*, 49 Ill. App. 3d 334 (1977). Because the circuit court wished to decide the case on substance, rather than procedure, the circuit court announced it would exercise its discretion to allow for the introduction of evidence to rebut the allegations of the complaint.

¶ 6 The plaintiffs limited their case-in-chief to providing evidence that they had no adequate remedy at law for the defendants' refusal to allow them access to the wells. The plaintiffs introduced testimony from an attorney who specialized in mineral law, as well as the plaintiffs' corporate representatives, explaining that as the holders of the permits from IDNR to operate the wells on the defendants' properties, IDNR holds them responsible for compliance with IDNR regulations regarding the plugging of unused wells regardless of the surrounding circumstances. According to the testimony, because the defendants will not permit the plaintiffs to enter their properties to plug the wells, the IDNR can issue a "permit block" against the plaintiffs for violating IDNR regulations, essentially forcing the plaintiffs out of business. In addition, until the wells are plugged, according to the plaintiffs' witnesses, the plaintiffs are subject to indefinite liability in the form of civil penalties and potential liability for environmental damage. On cross-examination, the witnesses admitted that if the plaintiffs chose to transfer the leases on the unplugged wells to another operator, and IDNR chose to issue permits to the transferee operator, the plaintiffs would cease to have liability. Following the testimony of these witnesses, the plaintiffs rested their case-in-chief and court was recessed for the day.

¶ 7        On the next day of the bench trial, the plaintiffs made a motion to reconsider the circuit court's ruling that the allegations of the complaint stand as evidentiary admissions rather than judicial admissions based on the defendants' failure to file an answer to the complaint. The plaintiffs argued that the circuit court's reliance on *Hecht* was misplaced because the ruling in that case was based on provisions of the divorce act, then in effect, which provided that the court shall not grant a divorce unless it is satisfied that the cause of the divorce has been fully proven. *Hecht*, 49 Ill. App. 3d at 339-40 (citing Ill. Rev. Stat. 1975, ch. 40, ¶ 9). The circuit court granted the plaintiffs' motion to reconsider, but granted the defendants leave to read an answer into the record.

¶ 8        The defendants' counsel read an admission or denial of each allegation of the complaint into the record and called corporate representatives to provide verification of the answer under oath. In response, the plaintiffs requested a continuance, explaining to the court that based on what had transpired, they would have to conduct discovery that they had not previously conducted due to what they characterized as the defendants' admissions by failure to plead. The circuit court granted the continuance.

¶ 9        On March 25, 2013, the plaintiffs filed a motion to reconsider the circuit court's ruling granting the defendants leave to orally answer the complaint after they had rested their case-in-chief, or in the alternative, to certify questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). On April 15, 2013, the circuit court denied the motion to reconsider but granted the plaintiffs leave to draft proposed certified questions for approval by the circuit court. On July 26, 2013, the circuit court entered an order pursuant to Rule 308, certifying the aforementioned certified questions for our review, and we subsequently granted the plaintiffs' petition for leave to appeal.

¶ 10                                                  ANALYSIS

¶ 11        Because this appeal concerns questions of law certified by the circuit court pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), our standard of review is *de novo*. *In re M.M.D.*, 213 Ill. 2d 105, 113 (2004). Although the scope of our review is generally limited to the questions that are certified by the circuit court, if the questions so certified require limitation in order to materially advance the ultimate termination of the litigation, such limitation is proper. See *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 557 (2009). In addition, in the interests of judicial economy and the need to reach an equitable result, we may consider the propriety of the circuit court order that gave rise to these proceedings. *Id.* at 558 (citing *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 354 (2007)).

¶ 12        The first certified question asks this court to determine whether factual allegations in a complaint which are not denied are deemed admitted. The answer to this question, as written, is clearly directed by section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)), which requires that every answer contain an explicit admission or denial of each allegation of the complaint, and provides that every allegation, except allegations of damages, not explicitly denied, is admitted. However, we note that this section of the Code, entitled "Pleadings to be specific," generally governs the consequences of not explicitly denying a factual allegation in the answer. In this case, the defendants failed to file an answer at all. Accordingly, in order to materially advance the termination of the instant litigation, we limit our analysis of the first certified question to situations in which a party has failed to answer the complaint.

¶ 13    In the case at bar, the plaintiffs moved the court, at the start of trial, to deem all of the facts in the complaint to be judicial admissions pursuant to section 2-610(b) of the Code (735 ILCS 5/2-610(b) (West 2012)), based on the defendants' failure to file an answer. An isolated reading of section 2-610(b) would seem to suggest that it could be applied in the manner in which the plaintiffs have requested, since by failing to file an answer at all, the defendants failed to specifically deny any of the allegations in the complaint. However, a reading of section 2-610 as a whole makes clear that the legislature intended that it be applied in those situations where an answer or subsequent pleading has been filed, but does not contain an explicit admission or denial of one or more of the allegations of the pleading to which it relates. See 735 ILCS 5/2-610(a) (West 2012).

¶ 14    Here, the plaintiffs are invoking the language of section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)) in order to mandate that the circuit court find all allegations of a complaint to be judicially admitted for the defendants' inadvertent failure to file an answer. However, section 2-1301(d) (735 ILCS 5/2-1301(d) (West 2012)), which more specifically addresses situations where there has been a failure to plead at all, makes such a determination discretionary. To permit the plaintiffs to invoke section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)) in this situation would be to circumvent the legislature's intent that the Code "be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." 735 ILCS 5/1-106 (West 2012). For these reasons, we find that under the circumstances presented by the case at bar, where the defendants failed to file an answer at all, section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)) is inapplicable, and that section does not mandate a finding that all of the allegations of the complaint are deemed admitted. Accordingly, we answer the first certified question, as we have framed it, in the negative, rendering the second certified question moot for purposes of this appeal.

¶ 15    We turn to the final question certified on appeal, which asks this court for a determination as to whether the circuit court has discretion to order a defendant, after the close of the plaintiffs' case-in-chief, to make an initial answer to the plaintiffs' complaint when the defendant had not previously answered the allegations in the complaint. Again, we find that, in order to advance the ultimate termination of this litigation, it is appropriate to limit our answer to this question to the context of the facts and circumstances of this case (see *De Bouse*, 235 Ill. 2d at 557), where the plaintiffs, at the start of trial, made a motion, pursuant to section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)), to have all of the allegations of the complaint deemed admitted for the defendants' failure to file an answer.

¶ 16    The time for answers and motions following service of a complaint is governed by Illinois Supreme Court Rule 181 (eff. Jan. 4, 2013), which provides that the defendants must make an appearance within 30 days, and such an appearance may be made by filing a motion within that 30-day period. If the defendants file a motion within the 30-day period, the time for answer or other appropriate motion is required "within the time the court directs in the order disposing of the motion." Ill. S. Ct. R. 181(a) (eff. Jan. 4, 2013).

¶ 17    Here, the defendants are correct that the order disposing of the defendants' motion for a summary judgment did not indicate a time for the defendants to file an answer. However, under local rules of the second circuit, "[u]nless otherwise ordered by the court, a party who is required to plead further following denial of a motion shall do so within 21 days" following entry of a docket or written order reflecting the decision of the court. 2d Judicial Cir. Ct. R. 9(J)

(Apr. 13, 2007). While section 1-104(b) of the Code (735 ILCS 5/1-104(b) (West 2012)) permits the circuit courts to make rules regulating their dockets, calendars, and business, such rules are subject to the rules of the supreme court. Accordingly, although second circuit local rule 9(J) governs the time for pleading after a motion is denied in the second circuit, Illinois Supreme Court Rule 181 mandates that the deadline for filing the answer as computed by the local rule be included in the order disposing of the motion. In that sense, the defendants are correct in their assertion that they were not given proper notice of the deadline for filing their answer, although it is axiomatic that an answer should have been filed prior to trial.

¶ 18    Regardless of the circumstances surrounding the defendants' failure to file an answer in this case, the plaintiffs did not make their motion to have the allegations of the complaint deemed admitted until after they opened their case-in-chief, and this was the first time the defendants' failure to answer was brought to the attention of the circuit court. Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) gives the circuit court discretion to permit the filing of late pleadings, and we find that the decision to grant the defendants leave to file an answer is an appropriate exercise of that discretion in a situation such as that in the case at bar. Accordingly, the answer to the third certified question on appeal, as reframed by this court, is in the affirmative.

¶ 19    Having answered the certified questions, as limited by this court in order to advance the ultimate termination of this litigation, in the interests of judicial economy and the need to reach an equitable result, we next consider the propriety of the circuit court order that gave rise to these proceedings (see *De Bouse*, 235 Ill. 2d at 558 (citing *Vision Point of Sale, Inc.*, 226 Ill. 2d at 354)), which is the order granting the defendants leave to read an oral answer to the complaint into the record. Although this court understands that the circuit court's order was its attempt to have the trial proceed on the merits, the pleadings are, by definition, to be filed in writing. See 735 ILCS 5/2-602, 2-603 (West 2012). In addition, the complaint in this case was verified pursuant to section 2-605 of the Code (735 ILCS 5/2-605 (West 2012)), and as such, any subsequent pleadings are to be verified pursuant to that section. For these reasons, we remand with directions that the circuit court amend its order to require that said answer must be filed, in writing, and verified.

¶ 20                                    CONCLUSION
¶ 21    For the foregoing reasons, and having answered the certified questions as we have reframed them in order to materially advance the termination of this litigation, we remand these proceedings to the circuit court with directions that its order be amended to require that the answer be in writing and contain a verification in accordance with section 2-605 of the Code (735 ILCS 5/2-605 (West 2012)).

¶ 22    Certified questions answered; cause remanded with directions.