# Illinois Official Reports

## Appellate Court

---

### *Grant v. State*, 2018 IL App (4th) 170920

---

| | |
|---|---|
| Appellate Court Caption | WILLIAM LEE GRANT II, Plaintiff-Appellant, v. THE STATE OF ILLINOIS, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-17-0920 |
| Filed | August 6, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 17-MR-754; the Hon. Brian T. Otwell, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | William Lee Grant II, of Springfield, appellant *pro se*.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellee. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Harris and Justice DeArmond concurred in the judgment and opinion. |

**OPINION**

¶ 1    In September 2017, plaintiff, William Lee Grant II, filed a complaint for civil rights violations against the Illinois Department of Transportation. In November 2017, the State filed a motion to dismiss, arguing that (1) plaintiff failed to set forth a legally recognized cause of action, (2) plaintiff failed to plead facts that would bring his claim within a legally recognized cause of action, and (3) his claim was barred by the statute of limitations. 735 ILCS 5/2-615, 2-619(a)(5) (West 2016). The State did not file an answer to plaintiff's complaint.

¶ 2    In December 2017, plaintiff filed a motion for summary judgment. *Id.* § 2-1005. Later that month, the trial court granted the State's motion to dismiss. Likewise, the court concluded that plaintiff's motion for summary judgment was moot.

¶ 3    Plaintiff appeals, essentially arguing that the trial court erred in dismissing his complaint because the State did not file an answer that denied his allegations. In pertinent part, the State argues that it did not admit plaintiff's allegations. We agree with the State.

## I. BACKGROUND

¶ 4

¶ 5    In September 2017, plaintiff filed a complaint for civil rights violations against the Illinois Department of Transportation. In November 2017, the State filed a motion to dismiss, arguing that (1) plaintiff failed to set forth a legally recognized cause of action, (2) plaintiff failed to plead facts that would bring his claim within a legally recognized cause of action, and (3) his claim was barred by the statute of limitations. *Id.* §§ 2-615, 2-619(a)(5). The State did not file an answer to plaintiff's complaint.

¶ 6    In December 2017, plaintiff filed a motion for summary judgment. *Id.* § 2-1005. Later that month, the trial court granted the State's motion to dismiss. The court concluded that plaintiff's complaint was "frivolous, irrational, and wholly incredible." Likewise, the court concluded that plaintiff's motion for summary judgment was moot.

¶ 7    This appeal followed.

## II. ANALYSIS

¶ 8

¶ 9    Plaintiff appeals, essentially arguing that the trial court erred in dismissing his complaint because the State did not file an answer that denied his allegations. In pertinent part, the State argues that it did not admit plaintiff's allegations. We agree with the State.

### A. Defendant's Motion to Dismiss

¶ 10

¶ 11                            1. *The Applicable Law*

¶ 12    A motion to dismiss brought pursuant to section 2-615 of the Code of Civil Procedure (Code) (*id.* § 2-615) attacks the legal sufficiency of the complaint. *In re Estate of Powell*, 2014 IL 115997, ¶ 12, 12 N.E.3d 14. In other words, the defendant is saying, "So what? The facts the plaintiff has pleaded do not state a cause of action against me." (Internal quotation marks omitted.) *Winters v. Wangler*, 386 Ill. App. 3d 788, 792, 898 N.E.2d 776, 779 (2008). This is why a section 2-615 motion is often referred to as a "So what" motion. See Steve L. Dellinger, *The Art of Motions: Understanding Illinois Civil Pretrial Motions*, 38 S. Ill. U. L.J. 183, 202 (2014). When ruling on such a motion, the court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from those facts. *In re Estate*

*of Powell*, 2014 IL 115997, ¶ 12. Nonetheless, a court cannot accept as true mere conclusions of law or fact unsupported by specific factual allegations. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473, 905 N.E.2d 781, 789 (2009). A complaint should be dismissed under section 2-615 only if it is clearly apparent from the pleadings that no set of facts can be proved that would entitle the plaintiff to recovery. *In re Estate of Powell*, 2014 IL 115997, ¶ 12. We review *de novo* an order granting a section 2-615 motion to dismiss. *Id.*

¶ 13       A motion to dismiss brought under section 2-619 admits—for the purposes of the motion—the legal sufficiency of the complaint, admits all well-pleaded facts and reasonable inferences from those well-pleaded facts, and asserts an affirmative matter outside the complaint that defeats the cause of action. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31, 988 N.E.2d 984; *Winters*, 386 Ill. App. 3d at 792. In other words, the defendant is saying, "Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim." (Internal quotation marks omitted.) *Winters*, 386 Ill. App. 3d at 792. This is why a section 2-619 motion is often referred to as a "Yes, but" motion. *Id.* When ruling on a section 2-619 motion, the court construes the pleadings in the light most favorable to the nonmoving party and should only grant the motion if the plaintiff can prove no set of facts that would support a cause of action. *Reynolds*, 2013 IL App (4th) 120139, ¶ 31. We review *de novo* an order granting a section 2-619 motion. *Id.*

¶ 14       In pertinent part, section 2-610(a) states that "[e]very answer and subsequent pleading shall contain an explicit admission or denial of each allegation of the pleading to which it relates." 735 ILCS 5/2-610(a) (West 2016). This section further states that "[e]very allegation, except allegations of damages, not explicitly denied is admitted." *Id.* § 2-610(b). The Fifth District has reasoned that "where the defendants failed to file an answer at all, section 2-610 of the Code (735 ILCS 5/2-610 (West 2012)) is inapplicable, and that section does not mandate a finding that all of the allegations of the complaint are deemed admitted." *Crawford County Oil, LLC v. Weger*, 2014 IL App (5th) 130382, ¶ 14, 15 N.E.3d 978. It is proper to file a section 2-619 motion prior to filing an answer. *Clemons v. Nissan North America, Inc.*, 2013 IL App (4th) 120943, ¶ 33, 997 N.E.2d 307.

¶ 15                                           2. *This Case*

¶ 16       On appeal, plaintiff argues that "the trial court *** made a mistake by dismissing Plaintiff's complaint." Plaintiff argues that the "trial court failed to acknowledge" that the "Illinois Attorney General's Office do[es] not deny the allegations of William Lee Grant II pursuant to 735 ILCS 5/2-610(b)." Apparently, plaintiff argues that the State admitted his allegations by failing to file an answer that affirmatively denied his allegations. See 735 ILCS 5/2-610(b) (West 2016). Plaintiff then describes his allegations in exhaustive detail. (We note that his brief fails to comply with Illinois Supreme Court Rule 341 in multiple regards. Ill. S. Ct. R. 341(h)(6), (7) (eff. Nov. 1, 2017).)

¶ 17       The State never filed an answer in this case. Instead, the State filed a motion to dismiss pursuant to sections 2-615 and 2-619(a) of the Code. 735 ILCS 5/2-615, 2-619(a)(5) (West 2016). The trial court granted this motion. Accordingly, pursuant to the rationale of *Weger*, with which we agree, the State did not admit the allegations in plaintiff's complaint. *Weger*, 2014 IL App (5th) 130382, ¶ 14 ("where the defendants failed to file an answer at all, section 2-610 of the Code [citation] is inapplicable, and that section does not mandate a finding that all of the allegations of the complaint are deemed admitted"). Likewise, it was proper for the State

to file a section 2-619 motion prior to filing an answer. *Nissan North America, Inc.*, 2013 IL App (4th) 120943, ¶ 33. Accordingly, plaintiff's argument is without merit.

¶ 18                                    B. Plaintiff's Forfeiture

¶ 19        The trial court dismissed plaintiff's case because (1) plaintiff failed to set forth a legally recognized cause of action, (2) plaintiff failed to plead facts that would bring his claim within a legally recognized cause of action, and (3) his claim was barred by the statute of limitations. 735 ILCS 5/2-615, 2-619(a)(5) (West 2016). Likewise, the trial court concluded that plaintiff's motion for summary judgment was moot. In his appellate brief, plaintiff fails to respond to these legal issues. Accordingly, any potential argument on these issues is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017).

¶ 20                                    III. CONCLUSION

¶ 21        For the reasons stated, we affirm the trial court's judgment.

¶ 22        Affirmed.