**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190297-U

NO. 4-19-0297

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 7, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF SARAH L. SHORT, Deceased | ) | Appeal from |
| | ) | Circuit Court of |
| (Jeffrey Short, | ) | Morgan County |
|      Petitioner-Appellant, | ) | No. 18MR71 |
|      v. | ) | |
| Abigail Green, | ) | Honorable |
|      Respondent-Appellee). | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the trial court did not err in dismissing petitioner's amended complaint.

¶ 2   Petitioner, Jeffrey Short, appeals the judgment of the trial court, dismissing his first amended complaint pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615, 2-619 (West 2018)).  Specifically, the court determined petitioner (1) failed to plead in what capacity he had standing to bring the cause of action in the matter, (2) sought to enforce an oral contract barred by the statute of frauds, and (3) failed to adequately plead lack of capacity.

¶ 3   On appeal, petitioner argues the trial court erred in dismissing his amended complaint for (1) lack of standing or statute of frauds and (2) failing to sufficiently plead lack of capacity.  For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5         In November 2016, spouses William Robert Short (William) and Sarah Louise Short (Sarah) executed separate, mutual wills which devised his or her estate to the other and, upon the death of the surviving spouse, to petitioner and respondent, Abigail Green, in equal shares. Both wills also left specific gifts to petitioner and respondent upon the death of the surviving spouse. Neither will contained language regarding revocation. Petitioner is the only child of William, and respondent is the only child of Sarah.

¶ 6         In February 2018, William died. In March 2018, Sarah executed a new will—revoking her November 2016 will—leaving her entire estate to respondent. Sarah also executed a Transfer on Death Instrument (TODI) of her residence for the benefit of respondent and made respondent the sole beneficiary of her investment account at Jacksonville State Bank. At that time, Sarah suffered from stage four cancer. In July 2018, Sarah died.

¶ 7         After Sarah's death, petitioner filed (1) a petition for declaratory judgment alleging the estate planning actions taken by Sarah following William's death were invalid as a breach of the irrevocable testamentary contract between Sarah and William created by the November 2016 wills and (2) a verified emergency petition for preliminary injunction and temporary restraining order enjoining respondent from "transferring, distributing or otherwise taking personal possession of any property, real or personal, or any assets of the estate." Subsequently, the trial court granted petitioner's verified emergency petition for preliminary injunction and temporary restraining order. In August 2018, respondent filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Civil Code (735 ILCS 5/2-615, 2-619 (West 2016)). By agreement, the trial court granted petitioner leave to file an amended complaint.

¶ 8        In December 2018, petitioner filed his first amended complaint alleging

(1) breach of contract and (2) lack of capacity.  In Count I of his complaint, petitioner asserted

that William's and Sarah's November 2016 wills created a contract making each will irrevocable

upon the death of either William or Sarah.  Petitioner argued that after William died, Sarah

breached the asserted contract with William by (1) executing a new will revoking her November

2016 will, (2) executing a TODI of her residence for the benefit of respondent, and (3) making

respondent the sole beneficiary of her investment account at Jacksonville State Bank.  In Count

II of his complaint, petitioner argued Sarah lacked testamentary capacity—due to her medical

condition—to (1) execute a TODI for her residence and (2) make respondent the sole beneficiary

of her investment account at Jacksonville State Bank.

¶ 9        In January 2019, respondent filed a motion to dismiss petitioner's amended

complaint pursuant to sections 2-615 and 2-619 of the Civil Code (735 ILCS 5/2-615, 2-619

(West 2018)).  In the motion, respondent argued (1) petitioner failed to plead in what capacity he

had standing to file his complaint, (2) petitioner's claim was barred by the statute of frauds under

section 2-619(a)(9) of the Civil Code (735 ILCS 5/2-619(a)(9) (West 2018)), (3) petitioner failed

to plead sufficient facts to establish the existence of an irrevocable contract between William and

Sarah, (4) petitioner incorrectly sought declaratory judgment in a breach of contract action, and

(5) petitioner failed to sufficiently plead his lack of capacity claim.  Respondent also argued the

Dead Man's Act barred petitioner from testifying to any conversation with William and Sarah

regarding the alleged contract.  In February 2019, petitioner filed a response to respondent's

motion to dismiss arguing against the assertions in respondent's motion.

¶ 10        In March 2019, the trial court granted respondent's motion to dismiss. The court

stated,

"The Court has reviewed the Motion to Dismiss and [Petitioner's] Response along with case law provided by way of memorandum on March 7, 2019. The Court has further heard the arguments of Counsel. [Petitioner] acknowledges that the will of Jeffrey Short[*sic*] and alleged will of Abigail Green[*sic*] do not contain language that would make them irrevocable reciprocal wills. Plaintiff is seeking declaratory Judgment for breach of an oral contract and to set aside a deed and investment account transfer for lack of capacity.

[Petitioner] fails to provide support for standing to pursue these actions. [Petitioner] is also seeking to enforce an oral contract that is barred by the Statute of Frauds. [Petitioner] has failed to provide any support or evidence for the ability in this matter to set aside actions for lack of capacity.

Wherefore, the Motion to dismiss is granted."

¶ 11    This appeal followed.

¶ 12                             II. ANALYSIS

¶ 13    On appeal, petitioner argues the trial court erred by granting respondent's motion to dismiss his amended complaint for (1) lack of standing or statute of frauds and (2) failing to sufficiently plead lack of capacity. As we explain below, we find petitioner failed to plead facts necessary to state a cause of action as to lack of capacity and breach of contract.

¶ 14                          A. Standard of Review

- 4 -

¶ 15　　　　　　"A motion to dismiss brought pursuant to section 2-615 of the [Civil Code (735 ILCS 5/2-615 (West 2018))] attacks the legal sufficiency of the complaint." *Grant v. State*, 2018 IL App (4th) 170920, ¶ 12, 110 N.E.3d 1089. "When ruling on such a motion, the court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from those facts." *Id.* "Nonetheless, a court cannot accept as true mere conclusions of law or facts unsupported by specific factual allegations." *Id.* "A complaint should be dismissed under section 2-615 only if it is clearly apparent from the pleadings that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.* We review *de novo* an order granting a section 2-615 motion to dismiss. See *id.*

¶ 16　　　　　　　　　　　　　　　　B. Capacity

¶ 17　　　　　　In his amended complaint, petitioner asserted that Sarah sustained diminished capacity where she suffered from stage 4 cancer requiring a pain treatment regimen. According to the complaint, Sarah lacked testamentary capacity to make *inter vivos* transfers.

¶ 18　　　　　　Under Illinois law, a person is considered competent until proven otherwise because "all men are presumed to be of sound mind until the contrary is prove[n]." *Donovan v. St. Joseph's Home*, 295 Ill. 125, 132, 129 N.E. 1, 4 (1920). Moreover, "[s]ickness and infirmity alone do not show a lack of testamentary capacity." *Sterling v. Dubin*, 6 Ill. 2d 64, 74, 126 N.E.2d 718, 724 (1955).

¶ 19　　　　　　Here, in his amended complaint, petitioner makes conclusory statements and fails to allege facts supporting his lack of capacity claim. Pleading that Sarah's illness and pain medicine consumption defeated her capacity fails to satisfy basic pleading requirements. Missing are any facts describing how any incapacity manifested itself. Thus, the trial court properly

dismissed count II of petitioner's complaint for failure to state a cause of action for lack of capacity.

¶ 20                                    C. Breach of Contract

¶ 21          Petitioner also asserts that William's and Sarah's November 2016 wills created a contract making each will irrevocable upon the death of either William or Sarah. Therefore, after William died, Sarah breached the asserted contract with William by (1) executing the March 2018 will revoking her November 2016 will, (2) executing a TODI of her residence for the benefit of respondent, and (3) making respondent the sole beneficiary of her investment account at Jacksonville State Bank. Petitioner asserts he is the beneficiary of the reciprocal wills and irrevocable contract between William and Sarah. Respondent argues petitioner failed to plead facts sufficient to establish the existence of an irrevocable contract, and therefore, he lacks standing as a third-party beneficiary because no such contract exists.

¶ 22          "Mutual wills are the separate instruments of two or more persons, which are reciprocal in their terms, and by which each testator makes a testamentary disposition in favor of the other." *In re Estate of Maher*, 237 Ill. App. 3d 1013, 1019-20, 606 N.E.2d 46, 51 (1992). Whether mutual wills are revocable by either party depends on the circumstances and understanding upon which they were executed. *Id.* at 1020. Generally, a "will is ambulatory and may be revoked at any time by the testator during his or her lifetime." *Id.* "Thus, mutual wills which deprive the parties of that right to revoke must be established by clear and satisfactory evidence of a contract not to revoke." *Id.*

¶ 23          "If the circumstances establish that the mutual reciprocal wills were executed pursuant to such a contract, then they become irrevocable upon the death of one of the testators." *Id.* However, mutual wills are not generally, of themselves, sufficient evidence of a contract.

- 6 -

Rather, the consideration to support the alleged contract must come from outside the wills. *Id.* "The mere existence of mutual wills does not give rise to a presumption of a contract, nor are they evidence that such a contract, in fact, existed." *Id.* While a person may enter into a contract to dispose of her property by will in a particular manner, such contracts are not favored. "Consequently, the courts require clear and convincing evidence that the mutual wills were executed pursuant to a binding contract to be irrevocable." *Id.*

¶ 24　　　　Here, William and Sarah executed mutual and reciprocal wills which devised his or her estate to the other and upon the death of the surviving spouse, to petitioner and respondent in equal shares. Both wills also left specific gifts to petitioner and respondent upon the death of the surviving spouse. Absent from the wills are any provisions suggesting the parties intended to enter into a contract making the wills irrevocable. Therefore, the language in William's November 2016 will and Sarah's November 2016 will fail to suggest the formation of an irrevocable contract between William and Sarah. Ultimately, simply pleading the existence of mutual and reciprocal wills is insufficient to state a cause of action for breach of contract.

¶ 25　　　　Petitioner also pled that prior to their deaths, both William and Sarah independently acknowledged and discussed with petitioner and other family members the intent of their estate plan which was to leave their entire joint estate to petitioner and respondent. However, the mere allegation that William and Sarah expressed to family members their desire to leave their entire joint estate to both petitioner and respondent is insufficient to establish the existence of a contract not to revoke the wills. Such statements fail to suggest any agreement as to irrevocability.

¶ 26　　　　We find the analysis in *Maher* supports our resolution in this matter. In *Maher*, 237 Ill. App. 3d at 1020, Grace and Lawrence Maher executed a mutual and reciprocal will that

"devised all property to the surviving spouse, but if the other spouse predeceased the testator, then the property was to be divided equally between [the] petitioner and [the] respondent." After Lawrence's death, Grace executed a new will naming the respondent as the sole beneficiary. *Id.* at 1016. After Grace's death, the petitioner contested the new will alleging the will was invalid due to the existence of prior irrevocable, mutual and reciprocal wills executed by Grace and Lawrence. *Id.* at 1015. The petitioner argued that "the wills were executed pursuant to an oral contract between Grace and Lawrence and that it was their understanding and agreement that revocation by the surviving spouse so as to disinherit the relative of the other would be a violation of their agreement." *Id.* at 1020. In support of his position, the petitioner alleged Grace and Lawrence expressed such desire in a conversation with their attorney when they executed their wills. *Id.* at 1020-21.

¶ 27 The trial court dismissed the petitioner's claim, finding he failed to allege sufficient facts to state a cause of action for the existence of irrevocable, mutual and reciprocal wills. *Id.* at 1015. The appellate court affirmed, finding the petitioner failed to allege facts sufficient to establish (1) an agreement that neither testator could revoke the will after the death of the other spouse or (2) the existence of an oral contract not to revoke the wills. *Id.* at 1021. The court determined that "there [was] nothing in the statement to the attorney or in the wills themselves which would prove that they further agreed that neither of them had the right to revocation." *Id.*

¶ 28 Similarly, in this case, petitioner failed to allege sufficient facts to state a cause of action for breach of contract. Thus, the trial court properly dismissed count I of petitioner's amended complaint. Given our resolution regarding the capacity and breach of contract issues, we need not address petitioner's remaining contentions.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.